[Filed January 6, 1890.]

## THOMAS FARQUAR, RESPONDENT, v. THE CITY OF ROSEBURG, APPELLANT.

Where the charter imposes the duty upon a city to keep its streets and highways in repair, and it neglects to do so, and one is injured by reason thereof, it is liable for the damages suffered.

APPEAL from the circuit court for Douglas county.

*L. F. Mosher* and *C. A. Sehlbrede*, for Appellant.

*Lane & Lane* and *Hamilton & Hamilton*, for Respondent.

LORD, J.—This was an action to recover damages for injuries sustained by the plaintiff on account of an excavation, which the defendant suffered to remain open without proper protection, etc., and of which it had timely notice, etc. The answer denied all the allegations of the complaint and alleged separately: "That whatever injuries plaintiff sustained at said time, if any, were caused by the negligence and carelessness and fault of the plaintiff himself, in carelessly and negligently driving down the bank of the South Umpqua river, situate in Douglas county, Oregon." The reply put in issue this, and alleged that the injuries complained of occurred, as alleged, within the cor-

porate limits of said city, and at a point where Oak street approaches the South Umpqua river.    Upon a trial by jury a verdict was rendered in favor of the defendant, and upon which a judgment was rendered, from which this appeal has been taken.    The error alleged was in the refusal of the trial court to give a certain instruction asked by the plaintiff, to which we shall presently refer.

The bill of exceptions makes the following statements of facts:    "The plaintiff, to sustain the allegation on his part, gave evidence on his own behalf, tending to prove that on the ninth day of July, 1888, the plaintiff was injured by being precipitated into a deep and dangerous excavation in Oak street, within the corporate limits of the city of Roseburg, in Douglas county, Oregon; that he sustained injuries thereby, and was damaged in the sum of $1,000; that by the negligence of said defendant, said excavation was allowed to remain open and unguarded, and that the said city had notice of the dangerous condition of said street, and that through the carelessness of said defendant, in so allowing said street to remain in said dangerous condition, the plaintiff was so precipitated into said excavation and injured as aforesaid.    There was evidence also of other witnesses tending to show the dangerous condition of said street, as well as that the accident did occur, and that the plaintiff was severely injured by reason of said defect, and that the defendant had notice of the same. The defendant, in order to defeat the claim of plaintiff, introduced evidence tending to show that no dangerous defect existed; that the place where said accident occurred was not in any street of the city, but in a county road or open way in said city, connecting with and forming an extension to said Oak street.

And now comes the instruction asked for, and which the court refused:    "If this locality was a public highway at the date of the charter of the city, the acceptance of the charter imposed upon the city the duty and obligations which would arise from any street dedicated the city, so far as to keep it in repair."    It is not disputed but that the

place where the injury occurred, whether it be a street or highway, was within the corporate limits of the city; but the contention is that a different duty prevails, as it may be considered one or the other.   That might be true in some cases, but the record before us does not present that state of facts which makes the distinction.   It was argued that the portion of the highway where the accident happened had been vacated, but if this was so it was a matter of defense, and is outside of the record.   There was evidence, however, tending to show that the place alleged was not in any street of the city, but a county road, or open way, in said city, connecting with and forming an extension of Oak street.   But this would make no difference in the liability or duty to keep it in repair if the Act of incorporation devolved that duty upon the city, for, as the court said in *Paine* v. *Brockton*, 138 Mass. 568: "But if one public way enters into another it is the duty of a city or town to keep the entrances in repair so that they may be safe and convenient for travelers, because the entrances are a portion of the public way used by travelers."   Here the instruction asked does not touch all the duties and obligations which might arise in respect to dedicated streets, but confines it simply to the duty of repair; and in this particular the claim is that it is the duty of the city, whether it be a street or highway within the corporate limits over which it has jurisdiction, to keep it in repair in order that it may be safe and convenient for travel.

The charter of the city provides, among other things, that said city shall have power to grade, macadamize, plank or otherwise improve and keep in repair streets, highways, alleys, cross-walks, etc.   The omission of duty alleged was the failure to keep the street or highway in repair, and in this regard the duty imposed by the charter does not differ as to streets or highways, but is the same.   And if the locality was a public highway when it was included within the corporate limits, although it may have retained its character as a highway, yet it became the duty of the city to keep it in repair so that it might be safe and convenient

for travel. Where the care and superintendence of streets, alleys and highways, the regulation of grades, the opening and vacation of streets, devolve upon a municipality, liability follows a neglect of duty to keep them in repair.

By many authorities these things are said to be peculiarly municipal duties, and especially is this so when included in the corporate limits, and the duty imposed by charter; for what other power could more judiciously control the matter than the municipality of the immediate locality where the work is to be done? It is elementary law that one who is traveling along a highway, and is injured, either in his person or his property, as the result of defects in the highway, can recover all the damage suffered by him from the municipality whose duty it was to keep the highway in repair, and who has neglected to do that duty. The charter imposes this duty upon the city, alike upon streets or highways within its limits, and consequently upon the case presented by this record, it was the duty of the city to keep the highway where the accident occurred, in repair, and safe and convenient for travel. It was argued that there was nothing to show that the city had ever accepted the highway, but it was a sufficient acceptance of the same to include it within the corporate limits of the city. *City of Goshen* v. *Myers*, 119 Ind. 200. At least that is the result to which we must come when the highway is within the corporate limits, and the charter provides to keep it in repair, in order that such highway may be reasonably safe for travel.

As the case stands, we think it was error to refuse the instruction, and the judgment must be reversed and a new trial ordered.