Filed May 13, 1890.

123   581
124   486
123   581
143   429
123   581
161   515

---

No. 14,120.

## THE CITY OF FORT WAYNE v. BREESE.

CITY.—*Defective Sidewalk.— Injury Caused by.— Contributory Negligence.—* Where a person goes upon a sidewalk of a public street which is known to be defective, but the defect is one which does not render the way impassable and necessarily dangerous, and while thereon, and using due care to avoid injury, sustains injuries caused by the defective sidewalk a recovery can not be defeated by the city on the ground that the plaintiff was guilty of contributory negligence.

From the Allen Superior Court.

*H. Colerick,* for appellant.

*J. B. Harper,* for appellee.

OLDS, J.—This action was brought by the appellee against the appellant to recover for damages alleged to have been sustained by her in falling upon a public sidewalk in the city of Fort Wayne. Issue was joined, and there was a trial, resulting in a verdict and judgment in favor of appellee for $1,040. Appellant filed a motion for a new trial, which was

overruled, and exceptions reserved. Two errors are assigned: 1st. That the complaint does not state facts sufficient to constitute a cause of action ; and, 2d. That the court erred in overruling the motion for a new trial. The first alleged error is not discussed, and is therefore waived.

A reversal of the judgment is asked, for two reasons : *First.* It is claimed that the undisputed evidence shows the appellee to have been guilty of contributory negligence ; and, *Second.* That the damages are excessive.

Interrogatories were submitted to and answered by the jury. The interrogatories and answers are as follows :

" 1st. Were the planks, boards and stringers upon the sidewalk in such a condition as to be dangerous for two persons to travel side by side upon them and at the same time? Ans. Yes.

"2d. Could not the plaintiff see the condition of the walk? Ans. Yes.

" 3d. Was not the walk dangerous? Ans. Yes.

" 4th. Did not plaintiff voluntarily assume the danger of going upon and over said walk? Ans. No.

" 5th. Did not the plaintiff know, before she was injured, that the planks upon the walk were loose and unfastened? Ans. No.

" 6th. Did plaintiff know that by walking upon the ends of the boards upon said walk that the same would rise and throw the other end up? Ans. No."

It is conceded by counsel for the appellant that the sidewalk was out of repair and dangerous, and that the city was guilty of negligence, but the sole ground of complaint is that the evidence shows the appellee guilty of contributory negligence.

It is well settled by numerous decisions of this court, that one is not bound to abandon the use of a street or sidewalk, even if he knows it to be out of repair, unless the condition of the street or sidewalk be so defective as to render it impas-

sible, or as to be apparent to a person of common understanding that to enter upon it at all would be dangerous.

A succinct statement of the law is stated by MITCHELL, J., in delivering the opinion of the court in the case of *Town of Gosport* v. *Evans*, 112 Ind. 133, as follows:

" The doctrine to be extracted from these cases is, that although a sidewalk or highway may be in an apparently defective or dangerous condition, yet a person with knowledge of the defect or danger is not on that account obliged to abandon travel upon the highway, if, by the exercise of care proportioned to the known danger, he may reasonably expect to shun or avoid the defect. If the defect be one which does not render the way wholly impassable, and which can only result injuriously to the traveler if not shunned, if there be an apparently safe way of passing without going into the obvious defect, the traveler is not to be held to a rigorous account if he is deceived or misled, notwithstanding his effort to avoid the danger."

This rule of law is not seriously controverted by counsel for the appellant or appellee, but the controversy is rather in applying the rule to facts in the case, counsel differing widely as to what the evidence establishes. We think this statement of the law conclusive of the case, and that the verdict of the jury and judgment must be sustained. The answers to interrogatories fully support the verdict, and if there is evidence to support the general verdict this court can not disturb it, even if the weight of the evidence seemed to be against the theory adopted by the jury, but we think the evidence fairly supports the verdict. It may fairly be inferred from the evidence, indeed it may be said that the evidence establishes the facts, that the appellee, a widow and keeping house by herself, desired for some purpose to see her married son, who lived in another part of the city, and who worked at the Olds Wagon Factory, and knowing he would be at leisure at noontime, she determined to go to the wagon factory to see him during his noon hour, and started to go there,

taking the street leading to the wagon-works. The sidewalk over which appellee passed was out of repair, some boards missing and others loose. She pursued her way carefully, and avoiding danger. She did not know in what part of the factory her son worked. As she came near the shop she saw a gentleman who she supposed worked at the factory walking rapidly along said street, and she called to him and made inquiry in regard to her son. While doing so he slackened his walk and was walking slowly beside the appellee, she arranging to have him to communicate to her son in the shop the fact that she desired to see him. But few words had been exchanged between them when the gentleman stepped upon a board in the sidewalk toward one end of it, and the opposite end flew up or raised up suddenly and tripped and threw the appellee down and injured her; that the board did not look as if it was loose, and the sidewalk looked better and more secure at that point than the portion she had passed over, and that she was proceeding with due care and caution.

The street was an improved and travelled street. The appellee was not accustomed to travelling upon it, and had not been upon it for over a year, and she was exercising special care on account of the defective walk. The sidewalk was used by the public, but there was an occasional board broken, or loose, or absent. It would not be discovered that the board on which the gentleman stepped and which tripped the appellee, or the others, were loose without stepping upon or examining them; that while the sidewalk was out of repair, yet it was in such condition as to be in constant use by the public; that it was not so defective but that it was in general use, and that one might expect to pass over it, using due caution, and avoid injury; indeed, the appellee would have no doubt passed over it without injury had it not been for the unforeseen occurrence of falling in company with the gentleman, and his stepping on the loose board.

There was evidence, as we have stated, from which the

jury might have very properly found the foregoing facts. It is clearly apparent that the appellee was not guilty of any contributory negligence unless it was in going upon the sidewalk at all. If she was guilty of any negligence it was in not abandoning the street, and it has been repeatedly held by this court that persons are not required to abandon the use of a street under such circumstances. See *Town of Gosport* v. *Evans, supra,* and authorities collected in the opinion.

The evidence sustains the verdict. We can not disturb the verdict on the ground that it is excessive ; indeed, the evidence in the case would support a much larger verdict.

There is no error in the record.

Judgment affirmed, at costs of appellant.

Filed Mar. 22, 1890 ; petition for a rehearing overruled May 15, 1890.