BOOKWALTER, RESPONDENT, *v.* CONRAD ET AL., APPELLANTS.

[Submitted March 7, 1895. Decided March 11, 1895.]

TRIAL—*Change of venue—Formation of new county.*—Section 56 of the Code of Civil Procedure, which provides that actions concerning land shall be "tried" in the county where the land is situated, is not in conflict with section 11, article 8, of the state constitution, providing that such actions shall be "commenced" in the county where the land is situated, and where an action is so "commenced," but prior to the appearance of the defendant therein the land which was the subject of the action becomes part of a new county, the defendant is entitled to a change of venue to the new county, on application therefor at the time of his appearance. (*Wallace* v. *Owsley,* 11 Mont. 219, cited.)

SAME—*Same—Effect of repeal of statute.*—Section 209 of the Compiled Statutes, providing in part that no action pending at the time any statutory provision shall be repealed shall be affected by such repeal, has no application to an action concerning land commenced in the county where the land was then situated, but, by a subsequent act of the legislature creating a new county, the land becomes a part of the latter, and in such case the right of the defendant in such action to a change of venue is not impaired. The action is the proceeding itself, and not the place where the proceeding is tried, and said section 209 of the Compiled Statutes refers to the proceeding, and its preservation, and not to the place of the trial. (*State* v. *Newell,* 13 Mont. 302, cited.)

*Appeal from Fourth Judicial District, Missoula County.*

ACTION concerning real estate. Defendants' motion for a change of venue was denied by WOODY, J. Reversed.

Statement of the case by the justice delivering the opinion:

This is an appeal from an order of the district court refusing to grant defendants' motion for a change of venue. The action was commenced February 4, 1893, in the district court of Missoula county. The subject of the action was real estate

then situate in Missoula county. On February 6, 1893, an act of the legislative assembly was approved, creating the county of Flathead, said act to go into effect March 1, 1893. The real property, which was the subject of the action, was within that portion of Missoula county which, by this act of the legislature, became a part of Flathead county. Prior to, and at the time of, the appearance of the defendants in the action, the land which was the subject thereof had thus become to be within Flathead county. On this ground the defendants' motion for a change of venue is made. The motion being denied, they appeal from that order.

*A. J. Shores,* and *Bickford, Hershey & Stiff,* for Appellants.

The right of a defendant in an action concerning land to move for a change of venue should be determined by the condition of things existing at the time of appearance and demand. (*Wallace* v. *Owsley,* 11 Mont. 219; *Buell* v. *Dodge,* 57 Cal. 643; *Remington etc. Co.* v. *Cole,* 62 Cal. 311; *Ah Fong* v. *Sterns,* 79 Cal. 30.) "The general rule is that when an act of the legislature is repealed without a saving clause, it is considered, except as to transactions passed and closed, as though it had never existed." (Sutherland on Statutory Construction, § 162; and see *Bailey* v. *Mason,* 4 Minn. 546; *Assessor* v. *Osborne,* 9 Wall. 567; *Baltimore R. R. Co.* v. *Grant,* 98 U. S. 398; *Lamb* v. *Shottler,* 54 Cal. 319.) As to future proceedings in actions or proceedings already instituted, they are doubtless to be conducted in accordance with the provisions of the old statute. (*Gassert* v. *Bogk,* 7 Mont. 585.) The court will take judicial notice of the fact that the land which is the subject of the action is in another county from the complaint itself (Code Civ. Proc., § 643; *Fackler* v. *Wright,* 86 Cal. 210), and would be compelled to transfer it, because the action is not triable in Missoula county. All the cases which construe a statute similar to that under which the application for a change of venue was made in this case hold that the change should be ordered, and that the law confers upon the defendant an absolute right. (*Veeder* v. *Baker,* 83 N. Y. 156; *Bonnell* v. *Easterly,* 30 Wis. 549; *Woodward* v. *Hanchett,* 52 Wis. 482; *Meiners* v. *Lobe,* 64 Wis. 343; *Watts* v. *White,* 13

Cal. 321; *Cook* v. *Pendergast,* 61 Cal. 72; *Heald* v. *Hendy,* 65 Cal. 321; and see *Smith* v. *People,* 2 Col. App. 99; *Pearse* v. *Bordeleau,* 33 Pac. Rep. 140.) And it has never been held that a judgment rendered involving real estate, in a county other than that in which the land was located, was absolutely void, even when no application for a change of venue was made. (*Urton* v. *Woolsey,* 87 Cal. 38.) It has been generally held that criminal cases must be transferred to the newly created county for trial, and, on principle, the same course should be pursued in civil actions outside of the provisions of the law which directs and orders such removal on proper showing. (*People* v. *McGuire,* 32 Cal. 140; *State* v. *Donaldson,* 3 Heisk. 48; *State* v. *Jones,* 9 N. J. L. 357.) It is also held that the courts of the old county may be said to have jurisdiction after creation of a new county, at least until complete organization of the latter. (*State* v. *Hart,* 4 Ired. 222.) The formation of a new county by legislative act gives it all the jurisdiction over the persons and the property within its limits which the old county possessed, and which it would have possessed had the new county never been formed. (*Drake* v. *Vaughn,* 6 J. J. Marsh. 147.) In the case of *United States* v. *Reisinger,* 128 U. S. 398, the court holds, in effect, that the repeal of any statute does not release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide. Applying the principle to this case we should have an authority holding that unless the act creating Flathead county expressly repealed sections 56, 61, and 62 of the Code of Civil Procedure, they are still in force.

*Toole & Wallace,* for Respondent.

The case at bar is one coming emphatically within the intent and letter of section 209 of the Compiled Statutes. (See *Insurance Co.* v. *Ritchie,* 5 Wall. 541; *Kelly* v. *Tate,* 43 Ga. 535; *Blake* v. *Freeman,* 13 Me. 130; *Green* v. *Superior Court,* 58 Cal. 88; *Cornell University* v. *Wisconsin Cent. R. R. Co.,* 49 Wis. 158.) If the intention of the legislative assembly is consulted, it is presumed especially to have enacted the law creating the new county with direct reference to the statute in existence at the time providing for the interpretation to be

given to the laws it enacts. (*Dillon* v. *Linder*, 36 Wis. 344; *Lincoln County* v. *Oneida County*, 80 Wis. 267; *Gilleland* v. *Schuyer*, 9 Kan. 569; *Garland* v. *Hickey*, 75 Wis. 178; *Gassert* v. *Bogk*, 7 Mont. 601; *United States* v. *Register*, 128 U. S. 398; Sutherland on Statutory Construction, §§ 167, 226; *People* v. *Church*, 6 Cal. 76.) The doctrine of construction, in the absence of section 209, would require the new act to be regarded as prospective and not retrospective as to pending actions, and any construction that would allow it to affect such actions is retrospective. (Endlich on Interpretation of Statutes, § 271; *Merwin* v. *Ballard*, 66 N. C. 398; *State* v. *Smith*, 38 Conn. 397.) Where no time is fixed by a general statute of Montana, all new laws take effect as provided by the general statute. So here, when no provision is made respecting actions pending under section 209, they are not affected. (*Andrews* v. *Railway Co.*, 16 Mo. App. 299.) If every subsequent act of the legislative assembly shall affect actions pending, without any provision in the act that it should, then section 209 is a dead letter and knocked out of existence as effectually as the constitution (Const., art. 8, § 11) destroys the effect of sections 56, 61, and 62 of the Code of Civil Procedure, in so far as real actions are concerned. (*Bedford* v. *Shilling*, 4 Serg. & R. 401; *Duffield* v. *Smith*, 3 Serg. & R. 590; *Butler* v. *Palmer*, 1 Hill, 324; *Hitchcock* v. *Way*, 6 Ad. & E. 493; *Paddon* v. *Bartlett*, 3 Ad. & E. 884.) To avoid the confused condition of things in the absence of a statute preserving jurisdiction, or making provision for a change of venue, the courts, upon legal principles, treat such statutes as not being retrospective in their operation, and retain jurisdiction until the final disposition of the case. (*Blake* v. *Freeman, supra; Arnold* v. *Styles*, 2 Blackf. 391; *Tappan* v. *Martin*, 116 Mass. 275; *United States* v. *Davidson*, 15 How. 598; *Rathburn* v. *Warren*, 10 Johns. 587; *Hathorn* v. *Haynes*, 1 Greene, 238; *Culver* v. *Woodruff Co.*, 5 Dill. 392; *Gould* v. *Hodges*, 19 Ala. 438; *Ashust* v. *Gibson*, 57 Ala. 584; *Kerney* v. *Palmer*, 6 Gray, 316; *Hershfield* v. *Seline*, 77 Cal. 448; *Raymond* v. *Butterworth*, 139 Mass. 471; *Rhodes* v. *Selin*, 4 Wash. 725; *Dunn* v. *Clark*, 8 Pet. 1; *Haldful* v. *Bushnell*, 1 Blatchf. 392; *Newsome* v. *Greenwood*, 4 Or. 119.) The statute creating the

county making no provision for a change of venue, and the case not coming under any of those enumerated in the statute, even if applicable, the above cases are in point, and ought to be decisive of the question, if section 209 had not been enacted. Section 209 is, to all intents and purposes, incorporated into the new law as much as if it was expressly done, and it should be so read as not to apply to actions pending. The Missouri statute is similar to ours, and the court holds that, unless there is some express provision in the new law with reference to pending actions, it is interpreted as if such similar provision was incorporated into it. (*State* v. *Ross,* 49 Mo. 416; and see *Burton* v. *Godson,* 79 Ala. 495; *State* v. *Crawford,* 11 Kan. 32; *State* v. *Shafer,* 21 Iowa, 486; *McCuse* v. *State,* 19 Ark. 634.)

DE WITT, J.—The labor and zeal of counsel in preparing briefs in this case seem to us to be disproportionate to the gravity of the legal proposition involved, which indeed occurs to us as a very simple one.

Counsel for respondent, among other things, in support of their opposition to the motion to grant the change of venue, rely upon a portion of section 11, article VIII, of the constitution, which is as follows: "All actions for the recovery of, the possession of, quieting the title to, or for the enforcement of liens upon, real property shall be commenced in the county in which the real property, or any part thereof, affected by such action or actions, is situated."

The action in the case at bar was commenced as the constitution requires.

The action was as to real property, and it was commenced in the county in which the real property was situated, to wit, Missoula county.

But we cannot understand how it may be argued that this provision of the constitution requires that the action shall be *tried* in a county where the real property is not situated, or in a county where the real property has ceased to be situated long before the trial, and, indeed, almost at once after the filing of the complaint. If any inference is to be drawn from section 11, article VIII, of the constitution, as to where an action in

regard to real property is to be *tried*, it would seem to us to be more reasonable that such action is intended to be tried in the county where the real estate is situated. Why declare by the constitution that an action should be *commenced* in the county where the real property is situated, and then infer from this provision that the action must be *tried* in a county where it is not situated at the time of the trial, or long prior thereto. Such reasoning from the constitution seems to us to be wholly unwarranted. On the other hand, the spirit of this constitutional provision seems to be that if an action as to real property is to be *commenced* in the county where the real property is, that it should also be *tried* in such county.

The commencement of an action does not largely involve the convenience of the parties or witnesses. The complaint may be mailed to the clerk of the court and summons issued and served without the personal attention of the parties at all. But the trial does involve the convenience of the parties and witnesses.

We certainly cannot hold that the constitutional provision which requires an action to be *commenced* in the county where the real property is, also intends to require that action should be *tried* in that county, when the real property is no longer therein.

We therefore think that section 56 of the Code of Civil Procedure is not in conflict with section 11, article VIII, of the constitution, in its application to the facts in this case. Section 56 of the Code of Civil Procedure is as follows:

"SEC. 56. Except when otherwise provided, actions for the following causes shall be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this act: 1. For the recovery of real property, or of an interest therein, or for the determination in any form of such right or interest, and for injuries to real property; 2. For the partition of real property; 3. For the foreclosure of a mortgage on real property. *Provided*, That where such real property is situated partly in one county and partly in another, the plaintiff may select either of said counties, and the county

so selected shall be the proper county for the trial of any or all of such actions as are mentioned in this section."

Therefore, section 56 designates the place of the trial of this action as in Flathead county, for it is there that the land is situated.   But defendants, when they came to appear in the case, found that the action was in a county other than that in which the land was situated.   They found that the action was in the wrong county.   Consulting the statute they found sections 61 and 62 of the Code of Civil Procedure, as follows:

"Sec. 61.   If the county in which the action is commenced is not the proper county for the trial thereof the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county.

"Sec. 62.   The court may, on good cause shown, change the place of trial in the following cases: 1. When the county designated in the complaint is not the proper county."

The defendants were timely in making their motion for change of venue, that is, at the time when they appeared. They then found that under the facts as they existed, that is, the land being in Flathead county and not in Missoula county, that the county designated in the complaint was not the proper county.   These were the conditions existing at the time the defendants appeared.   (*Wallace* v. *Owsley*, 11 Mont. 219.)   It is true that these conditions did not exist when the complaint was filed, but were brought about by reason of the act of the legislature cutting off a part of the territory of Missoula county and placing the same within Flathead county, which territory included the real property in question in this action. And here counsel for respondent urge the applicability of section 209, General Laws, Compiled Statutes, which is in part as follows: "No action, plea, prosecution, civil or criminal, pending at the time any statutory provision shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory provisions had not been repealed."

Counsel contend that under this section of the statute the action must proceed in Missoula county, because it was pend-

ing there when Flathead county was created, and that the act of the legislature creating Flathead county could not affect the action then pending in Missoula county. But we are of opinion that the act creating Flathead county did not, in the language of said section 209, affect the action pending in Missoula county. It did not affect the action, or have to do with the action at all. It simply worked the result of changing the proper place of trial to the new county. No rights in the action, no pleas or defenses therein, were affected. By reason of the creation of Flathead county, and by reason of a change of venue, if it were granted, the action would simply be picked up in its entirety, taking all its parts and attributes, and transported to the place of trial intended by the constitution and the laws.

We are of opinion that the effect and intent of said section 209 is to preserve the action as it existed; that it shall not suffer in its validity, and that all the steps taken in the same shall be saved entire.

"Anderson's Law Dictionary defines an action as follows: 'The lawful demand of one's right (3 Blackstone's Commentaries, 116) in a court of justice. (*McBride's Appeal*, 72 Pa. St. 483.)' Another definition in the same dictionary is: 'An action or suit is any proceeding for the purpose of obtaining such remedy as the law allows.' The definition cites *Harris* v. *Phœnix Ins. Co.*, 35 Conn. 310. In that case the court, speaking of 'suit' or 'action,' says: 'But by a suit, within the meaning of this provision of the policy (of insurance), is more clearly meant any proceeding in the court for the purpose of obtaining such remedy as the law allows a party under the circumstances.' Black's Law Dictionary, under the title of 'Action,' gives this definition: 'The legal and formal demand of one's rights from another person or party, made and insisted on in a court of justice.' " (*State* v. *Newell*, 13 Mont. 302.) See this same case last cited for a more full exposition of what an action is. We are of opinion that the action is the proceeding itself, and not the place where the proceeding is tried, and that section 209 refers to the proceeding, and its preservation, as above noted, and not to the place of the trial.

We are of opinion that the motion for a change of venue

should be granted.   The whole spirit of the constitution, and the laws of this state, and elsewhere, and the decisions of the courts, is to the effect that actions in regard to real property shall be tried in the jurisdiction, or in the geographical division of the jurisdiction, where the land is situated.   It is quite true, probably, that in framing the laws as to the place of trial, and the change of the place of trial, there was not within contemplation the particular and peculiar facts of a county being divided at just about the time when a motion for a change of venue could be filed.   But we believe that applying the constitution and the laws to the facts as we find them in this case, that the motion should have been granted.

The order of the district court is therefore reversed, and the case is remanded, with directions to grant the defendants a change of venue to Flathead county.

*Reversed.*

HUNT, J., concurs.

### ON REHEARING.

DE WITT, J.—The respondent has moved for a rehearing in this case.   His counsel have filed a brief in which they earnestly contend that the court erred in its construction of section 209 of the General Laws, Compiled Statutes.

The contention is that we misinterpreted the last paragraph which we quoted from that section, which is as follows: " But the same [that is the action], shall proceed in all respects as if such statutory provision had not been repealed."

Whatever there was in the nature of a repeal in the act of the legislature which was before us for consideration was in the fact that the creation of Flathead county out of a portion of Missoula county in effect repealed the former statute which fixed the boundaries of Missoula county.   In that sense there was a repeal of a former law.   But we think that the word "repeal" is used in section 209 as referring to the statutory provisions which affect the action, and, as we endeavored to state in the original opinion, the fact of changing the place of trial does not in any way affect the action.   The action remains in its integrity, with all its rights unimpaired.

Section 209 provides that the action shall proceed in all

respects as if such statutory provisions had not been repealed. Counsel argue that, by the view which we have taken of this section, we are required to write words into the section which are not there now; that is to say, that we make it read: "shall proceed in all respects *except as to the place of trial*, as if such statutory provision had not been repealed." The italicized words being those which counsel claims that we add. But, on the contrary, we are of opinion that it is the counsel's position which requires words to be written into the statute which are not there. Instead of reading as it does, counsel would read it: "The same shall proceed in all respects, *and in the same place.*" The italicized words being those which we are of opinion counsel must add in order that his construction may prevail. We are satisfied that our original view was correct, and that the place of trial has not to do with the action, and that the statute meant simply to preserve the action as it was, and did not intend to run counter to the whole letter and spirit of the law, which requires actions in regard to real estate to be tried in the county where the real estate is situated, unless the venue is changed from that county, for reasons given in the statute. We think section 209 refers to *what* may be done, and not *where* it may be done. The action shall proceed in all respects, etc., but this does not say it shall so proceed in the same place as it would had the boundaries of the county not been changed. The action shall proceed, but it may proceed in the place where the law directs. The action can proceed in every respect in Flathead county exactly as it could have proceeded in Missoula county. Each county is subject to the same laws, both of statute and decision, and the application of the legal principles would be the same in either county.

This case was originally decided in the absence of the chief justice. The motion for rehearing has been under consideration by the full court, and it is the unanimous opinion of this court that the original decision was correct. The motion for rehearing is therefore denied.

*Denied.*

PEMBERTON, C. J., and DE WITT, J., concur.