(December 12, 1896.)

# DAVIS v. ADA COUNTY.

[47 Pac. 93.]

DAMAGES—CONSTRUCTION OF BRIDGE—LIABILITY OF COUNTY.—County is not liable for damages sustained by reason of negligence in construction and maintainance of bridges unless made so by statute.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

George H. Stewart, for Appellant.

Various provisions of the statute and constitutional provisions would seem to erect counties into municipal corporations, and provide them with a corporate fund and the power of raising it, and invest counties with the care of highways and bridges, and provide a complete system and give them complete control over bridges and highways and a fund with which to pay damages against such counties. (Const., art. 1,. sec. 14; Idaho Rev. Stats., secs. 870, 1730, 1731, 1733, 1735,. 1759, subd. 4.) Thompson on Neglibence, volume 1, page 618,. lays down as the general rule: "Where counties are erected into corporations, provided with a corporate fund, the power of raising it, and invested with the care of public highways and bridges, the reason or the rule (of nonliability) ceases, and the rule ought to fall with it; they should stand upon the same footing in this respect as chartered cities," and holds counties, as well as chartered cities, liable for negligence. The county had authority to make the improvement complained of, but they had no right or authority to make it of that character which would injure the property of another. (Conniff v. San Francisco, 67 Cal. 45, 7 Pac. 41; Pumpelly v.. Green Bay Co., 13 Wall. 166; Welch v. Plumas Co., 80 Cal. 338, 22 Pac. 254; Tyler v. Tehama County, 109 Cal. 619, 42 Pac. 240; Reardon v. San Francisco, 66 Cal. 492, 56 Am. Rep.. 109, 6 Pac. 317.) A municipal charter never gives, and never could give, authority to appropriate the freehold of a citizen without compensation whether it be done through an actual taking of it for streets or buildings, or by flooding it, so as to interfere with the owner's possession. (Gray v. Knoxville, 85

Tenn. 99, 1 S. W. 622.) Any act of a municipality doing a wrongful act, causing a direct injury to the property of another, such as negligently constructing or maintaining a bridge or culvert in a highway across a navigable stream or natural watercourse, so as to cause the water to flow back upon and injure the land of another, is liable to an action of tort. (*Anthony v. Adams,* 1 Met. 284; *Lawrence v. Fairhaven,* 5 Gray, 110; *Perry v. Worcester,* 6 Gray, 544, 66 Am. Dec. 431, and note; *Parker v. Lowell,* 11 Gray, 353; *Wheeler v. Worcester,* 10 Allen, 591; *Gilman v. Laconia,* 55 N. H. 130, 20 Am. Rep. 175; *Barns v. City of Hannibal,* 71 Mo. 449; *Mootry v. Town of Danbury,* 45 Conn. 550, 29 Am. Rep. 703; *Tuthill v. Scott,* 43 Vt. 525, 5 Am. Rep. 301; *Riddle v. Delaware County,* 156 Pa. St. 643, 27 Atl. 569; *Payne v. Kansas City St. etc. R. R. Co.,* 112 Mo. 6, 20 S. W. 322; *Barden v. City of Portage,* 79 Wis. 126, 48 N. W. 210.) The board of county commissioners had authority to build the bridge and dyke. They acted within their jurisdiction. They invaded and destroyed plaintiff's property. The law makes the county liable. (2 Dillon on Municipal Corporations, sec. 971; *Rochester White Lead Co. v. City of Rochester,* 3 N. Y. 464, 53 Am. Dec. 316, and note; *Conrad v. Village of Ithaca,* 16 N. Y. 160; *Lee v. Sandyhill,* 40 N. Y. 446; *Howell v. Buffalo,* 15 N. Y. 512; *Bank of Commerce v. New York,* 43 N. Y. 184; *Williams v. Dunkirk,* 3 Lans. (N. Y.) 44; Elliott on Roads and Streets, 40.)

Hawley & Puckett, for Respondent.

The great weight of authority sustains the rule that a county is not liable for a tort unless by express provision of statute. (Dillon on Municipal Corporations, sec. 963; *Kincaid v. Hardin Co.,* 53 Iowa, 430, 36 Am. Rep. 236, 5 N. W. 589; *Marion Co. v. Riggs,* 24 Kan. 255; *Barnett v. Contra Costa Co.,* 67 Cal. 77, 7 Pac. 177; Elliott on Roads and Streets, 323, and authorities cited in note 2; *Crowell v. Sonoma Co.,* 25 Cal. 313.) There is no common-law obligations resting upon counties to repair bridges within their limits. Where the legislature makes it the duty of the county to make and repair bridges and confers the power to levy taxes therefor, it

is generally regarded as a public and not a corporate duty, and such corporations are regarded as public or state agencies and not liable to be sued for neglect unless the action is expressly given by statute. (2 Dillon on Municipal Corporations, sec. 997, and note 1; *White v. County of Bond*, 58 Ill. 297, 11 Am. Rep. 65.) We urge that the question of liability of the counties of this state for damages such as herein claimed has been settled by this court. (*Worden v. Witt*, 4 Idaho, 404, 39 Pac. 1114; *Gorman v. Commissioners*, 1 Idaho, 655.)

SULLIVAN, J.—This is an action to recover damages for the negligent, improper, and unskillful construction and maintenance of a certain bridge and approach to the bridge across Boise river at Boise City, in Ada county, by means of which it is alleged the waters of said river were diverted and changed into a new and narrow channel, insufficient in width to permit the water of said river to flow freely and without obstruction, and thereby forced said water over against the north bank of said river, and caused said bank to cut away and flow over the lands of the plaintiff, by reason of which thirty acres of plaintiff's land were washed away and destroyed. A claim for the damages thus alleged to have been sustained by the plaintiff was presented to the board of county commissioners of said Ada county for allowance, which claim was rejected by said board. Thereupon the plaintiff brought this action against Ada county. The case was tried to a jury, and at the close of plaintiff's evidence the defendant moved for a nonsuit, which motion was granted, and judgment of dismissal and for costs was duly entered. This appeal is from the judgment.

The motion for nonsuit was based upon several grounds, all of which appear in the transcript. It is conceded by both parties that the vital question is whether the county is liable to the plaintiff for the injury stated in the complaint, and proven upon the trial. The appellant contends, under various provisions of our constitution and statutes, that counties should be held liable for negligence in the construction and maintenance of highways and bridges to the same extent as cities, as they seem to be, substantially, placed on the same footing under the law. This view is sustained by some very respect-

able authority.   Thompson in his work on Negligence (volume 1, page 618), referring to the case of *Hedges v. Madison Co.*, 6 Ill. 571, in which Shilds, J., said: "All the cases assume the ground that there is no corporate fund provided for that purpose," says: "Where, therefore, counties are erected into corporations, provided with a corporate fund, or the power of raising it, and invested with the care of highways and bridges, the reason of the rule ceases, and the rule ought to fall with it. They should stand upon the same footing, in this regard, as chartered cities."   In Elliott on Roads and Streets, page 324, footnote 3, is found the following statement: "In discussing the subject of bridges, we have shown that the prevailing doctrine is opposed by many well-reasoned cases and by many eminent text-writers."   However, the decided weight of authority is that a county is not liable for a tort, unless expressly made so by statute.   We have no such statutory provision. In section 963 of 2 Dillon on Municipal Corporations, the following language is used: "According to the prevailing rule, counties are under no liability in respect of torts except as imposed (expressly or by implication) by statute.   They are political divisions of the state, created for convenience, and are usually regarded not to be impliedly liable for damages suffered in consequence of neglect to repair a county road or bridge.   Such a liability, unless declared by statute, is generally, but not universally, denied to exist."   In section 999 of 2 Dillon on Municipal Corporations, the author groups the decisions upon the question under consideration as follows: 1. When neither chartered cities nor counties or other *quasi* corporations are held to an implied civil liability.   Only a few states have adopted this extreme view of exempting cities from liability in this respect.   2. Where the reverse is held, and both chartered cities and counties are alike considered to be impliedly liable for their neglect of the duty in question.   This doctrine prevails in a small number of states.   3. Where municipal corporations proper, such as chartered cities, are held to an implied civil liability for damages caused to travelers for defective and unsafe streets under their control, but denying that such liability attaches to counties or other *quasi* corpora-

tions as respects highways and bridges under their charge. This distinction has received judicial sanction in a large majority of states, where the legislation is silent in respect of corporate liability." It is also stated in Elliott on Roads and Streets, page 40: "Most of the courts deny that there is any liability on the part of counties or townships," unless the liability is imposed by statute. (See, also, *Worden v. Witt*, 4 Idaho, 404, 39 Pac. 1114; *Gorman v. Commissioners*, 1 Idaho, 655.) We are not disposed to change the rule as accepted by the decided weight of authority upon the question under consideration. If it is desirable to have the rule changed, the legislature has ample authority to change it, and to make the county liable for negligence in the construction and maintenance of the public highways and bridges, where damage and injury are sustained by reason of such negligence. Judgment affirmed. Costs awarded to respondent.

Morgan, C. J., and Huston, J., concur.