FRANK HOLITZA v. THE CITY OF KANSAS CITY, KANSAS.

No. 13,379. (74 Pac. 594.)

SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS—*Excavations in Streets.* It is the duty of a city to keep its streets in a reasonably safe condition for public travel, and to that end to place guards, signals or lights to protect travelers from injuries from an excavation in the street, whether made by the city or by an individual.

2. ———— *Actual or Imputable Notice Necessary.* A city is not an insurer of the safety of its streets, and if the streets become defective without its fault it is not responsible, unless it had actual or imputable notice and failed to use diligence in obviating and removing the danger.

3. ———— *Question for Jury.* What time is sufficient to charge a city with knowledge of a dangerous defect in a street is ordinarily a question of fact for the determination of a jury.

4. ———— *Facts Stated, and Notice Held a Question for Jury.*

An excavation was made on one of the most frequently traveled streets of a city by an abutting owner who was connecting his house with a water-pipe, and it remained open for two or three days. A traveler, who was passing along the street at night and about an hour after it became dark, drove into the unguarded excavation. No lights had been placed there on that night, although the excavation had been guarded by a light on previous nights. *Held*, that the question of whether the city had notice of the defect, or whether the defect had existed for such a length of time that notice should be imputed to it, was one for a jury to decide, under proper instructions from the court.

Error from Wyandotte district court ; E. L. FISCHER, judge. Opinion filed December 12, 1903. Reversed.

*L. W. Keplinger*, and *C. D. Dail*, for plaintiff in error.

*J. W. Dana*, and *M. J. Reitz*, for defendant in error

The opinion of the court was delivered by

JOHNSTON, C. J. : Frank Holitza and his wife were injured by reason of an unprotected excavation in one of the much-traveled streets in Kansas City, and he brought this action to recover the damages so sustained. After the plaintiff's testimony was received, the court, on a demurrer, held the evidence to be insufficient to establish a cause of action, the insufficiency being the lack of notice to the city of the defect in the street. The case comes to us on a record wherein the following facts are recited :

"There was no evidence to show that the defendant city permitted, or had anything to do with, the making or maintaining of the excavation mentioned in the street, but there was evidence as to all other matters sufficient to entitle the case to go to the jury, unless it was upon the question of notice to the city of the defect, and as to that question there was evidence showing that one Dean, who was building a house on the north side of, and fronting, Osage avenue, in the said city of Kansas City, Kan., the same being one of the most frequently traveled streets in the city, em-

ployed a plumber to do the necessary plumbing ; also, that such plumber, in order to connect the water-pipes extending along Osage avenue, made an excavation in front of the Dean property ; that on the day of the accident, the necessary connections having been made, this excavation had been filled up, with the exception of from eight inches to twelve inches ; also that said excavation was about eighteen inches wide and thirty inches long, and the workmen; at the time of quitting work ( a little before dark), left an iron rod stuck in the bottom of the said excavation, to the top of which was suspended a lantern ; and there was evidence tending to show that such lantern was not lighted on the evening of the accident until after the accident.   Also, there was evidence tending to show that said excavation had existed for two or three days prior to the day of the accident, and that on prior nights the lantern had been left in the same situation as on the night of the accident, but the evidence also showed that on such prior nights the said lantern was properly lighted.

''And the evidence also tended to show that on the evening of Saturday, August 10, 1901, the plaintiff, while driving with his wife along and upon Osage avenue, at fifteen minutes before nine P. M., and at the time when there was no light at the said excavation, drove into said excavation, and thereby injuries were sustained by himself and wife ; and there was no other evidence of notice to the city of the presence of said excavation, or of its unguarded condition, save and except as herein stated.''

It is conceded that it is the duty of the city to keep its streets in a reasonably safe condition for public travel, both day and night.   Whether this duty has been performed or not is ordinarily a question of fact for the jury.   The care required of the city necessarily depends upon a number of circumstances and considerations, including the population of the place, whether great or sparse, and also whether the streets are much or little traveled, and cases are rare in which the court

can say as a matter of law that due care has or has not been exercised.

The excavation in the street was a defect involving liability, unless it was reasonably well guarded, or unless the city did not have sufficient notice of the defect to enable it to furnish protection. Under the facts stated, every element essential to a recovery against the city was shown, provided it had sufficient notice of the defect to make it responsible. It is argued that the defect existed for so short a time that the court was warranted in holding the notice to be insufficient and in arbitrarily taking the case from the jury. The injury was suffered at fifteen minutes before nine o'clock on the night of August 10, and it is said that at that time darkness did not come until about eight o'clock. The claim is therefore made that, as the period in which no danger lights were up was only from forty-five minutes to an hour, notice to the city can in no event be implied.

The defect in the street, however, was not the mere absence of a light, but it was the excavation which had existed for several days, a time sufficient from which to warrant a jury in imputing notice to the city. Besides, such excavations are usually made with the permission of the city, although it does not appear that permission was given in this instance; but whether made by its own officers or by third persons, the duty still rested upon the city to see that the excavation was properly guarded. It cannot escape responsibility simply because the excavation was made by a third person, nor because such person may have assumed the task of guarding it.

Notice is not readily imputed where the defect is of short duration, as the city and its officers are only held to the exercise of reasonable care and diligence. But

here the defect had existed, as we have seen, for several days. It was upon one of the most frequently traveled streets in the city, and although the danger light was only absent an hour or less on the night of the injury it cannot be said that there was no question of fact to leave to the jury. This is not a case where signals or guards had been erected and had been removed by a wrong-doer without the knowledge of the city. Ordinarily, the question of whether the city has exercised reasonable diligence to discover dangerous defects is for the jury, and especially is it so where the defect existed in a busy part of the city, where reasonable supervision by the city would necessarily result in an early discovery. We do not decide that there was constructive notice which fixes a liability against the city, but only that there was testimony from which a jury might have inferred notice, and under all the circumstances of this case we think the questions of notice and negligence were peculiarly for the jury.

The judgment will be reversed and the cause remanded for further proceedings.

All the Justices concurring.