CASE 96—ACTION BY MARY L. COLSTON AGAINST LOUISVILLE RAILWAY
COMPANY FOR DAMAGES FOR PERSONAL INJURIES.—MARCH 4.

# Louisville Ry. Co. v. Colston.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

STREET RAILROADS—INJURY TO PEDESTRIANS—RIGHT TO USE OF
TRACKS—NEGLIGENCE—FAILURE TO SOUND GONG—DISCOVERED
PERIL—INSTRUCTIONS.

Held: 1. The failure of a motorman to sound a gong is not negligence, in reference to a pedestrian who sees or knows of the proximity and approach of the car.

2. While pedestrians have an equal right with others to use streets in the ordinary manner, they must do so with respect to the rights of other travelers and street cars; and, as the latter must run on their tracks, and can not give way or stop so easily as pedestrians, they should reasonably yield the right of way along the track.

3. However unjustifiable the conduct of a pedestrian in disregarding the rights of a street railway to its tracks may be, the motorman on a street car must exercise every care within his power to avoid injuring such pedestrian, where he has notice of the latter's peril.

4. In an action against a street railway for injuries to a pedestrian, where the evidence showed that plaintiff had seen the car approaching, and had signaled to the motorman her desire to get on it, but without looking back or paying further heed to the approaching car, continued her course across the tracks, so as to get on the proper side to board the car, and was struck while so crossing, a charge on discovered peril was improper and misleading, as there was nothing in plaintiff's actions to indicate to the motorman that she would not stop for the car to pass and cross behind it, as was the usual custom of intending passengers.

Louisville ·Ry. Co. v. Colston.

FAIRLEIGH, STRAUS & FAIRLEIGH, ATTORNEYS FOR APPELLANT.

1. The undisputed facts in this case present the clearest possible case of contributory negligence, and the court should have given peremptory instructions to find for the defendant.

2. If it be possible for the court to determine that it was not error to refuse a peremptory instruction to find for the defendant, then certainly the verdict should have been set aside by the trial court as being contrary to the evidence and the law, and its failure to do so is error.

3. On the first trial of this case the court below granted a new trial on the ground that it had misdirected the jury with respect to the measure of damages, and refused to set the verdict aside on the second trial, although upon the second trial the court committed precisely the same error in directing the jury as to the measure of damages; in both instances turning the jury loose, without compass, and wholly unconfined within the limits of the rules defining compensatory damages.

4. The court below was in distinct error in directing the jury that if the defendant was guilty of any negligence they should find for the plaintiff, instead of directing the jury in respect to the negligence *alleged* in the petition.

5. Upon the last trial there were two jurymen who could not read nor write. The verdict not being unanimous it had to be signed by those who agreed to it, and these two illiterate jurymen had to make their marks to their signatures. Thus on the trial there were but ten men who could read the instructions, and the defendant was entitled to a trial by twelve competent jurors.

## AUTHORITIES CITED.

Butterfield v. Forrester, 11 East, 60; Beach on Contributory Negligence, sec. 4; L. & N. R. R. Co. v. Scanlan, 22 Rep., 1400; L. & N. R. R. Co. v. Fox's Admr., 20 Rep., 81; Railroad Co. v. Minogue, 90 Ky., 374; Railroad Co. v. Case, 9 Bush, 736; Railroad Co. v. Ritter, 2 Rep., 386; Long v. Aldridge, 5 Rep., 180, 11 Ency. P. & P., 158, 162; Railroad Co. v. Penrod (Ky.), 56 S. W., 1; Railroad Co. v. Clark, 20 Rep., 1378; Railroad Co. v. Victory, 47 S. W., 442; Taylor v. Combs, 20 Rep., 1828; Thomas v. Railroad, 18 Rep., 164, 47 Cent. Law Journal, 451; Railroad Co. v. Park, 98 Ky., 590; Bogenschutz v. Smith, 84 Ky., 336; Bank v. Mattingly, 92 Ky., 660; Barker v. Railroad, 3 Rep., 695; Railroad v. Fox, 10 Rep., 399; Railroad v. Brennan, 16 Rep., 126; Graney v. Railroad, 57 S. W., 276; Brown

v. Railroad, 21 Rep., 996; City of Cadiz v. Hillman, 20 Rep., 1776; Adkins v. Street Ry. Co., 14 Rep., 428; Shearman & Redfield on Negligence, sec. 872; Nicholas v. Ry., 6 S. W. (Ky.), 339; L. & N. v. Taaffe, 21 Rep., 64; Spooner v. Railroad, 21 N. E., 696; Rupard, &c. v. C. & O. R. R. Co., 88 Ky., 280.

O'NEAL & O'NEAL, A. E. WILLSON AND R. T. COLSTON, FOR APPELLEE.

It is contended by appellee:

1. That she had the right to cross the street at the point she did, and had the right to assume that the motorman would have his car under control and give the signal as he approached her; and it was the duty of the motorman in charge of the car to use special care to avoid injuring her.

2. That she was not guilty of contributory negligence in attempting to cross the street in front of the car.

3. That even though she had been guilty of contributory negligence, appellant is liable because the motorman in charge of appellant's car saw, or by the exercise of ordinary care, could have seen her in time to have avoided injuring her.

4. Appellant has no cause to complain of the instruction given by the court to the jury as to the measure of damages, as it restricts appellee to compensation for mental and physical suffering and permanent injury, when she was also entitled to compensation for loss of time and expenses of recovery.

5. The law does not make it a necessary qualification of jurors that they should be able to write their names.

### AUTHORITIES CITED.

Owensboro City Ry. Co. v. Hill, 21 Rep., 1639; Elliott on Roads & Streets, secs. 770, 811; Joyce Electric Law, secs. 570, 650; Central Passenger Ry. Co. v. Chatterson, 14 R., 663; Young v. Atlantic Ave. Ry. Co., 64 N. Y. State, 124; Nellis on Street Surface Railroads, pp. 371, 379; Bertsat v. Met. St. Ry. Co., 68 App. Div. (N. Y.), 228; Haight v. Hamilton St. Ry. Co., 29 Ont. R., 279; Wells v. Rochester Ry. Co., 92 Hun., (N. Y.), 531; Passamanecks v. Lou. Ry. Co., 98 Ky., 195; Denver City v. Sherrel, 88 Fed. Rep., 226; Thompson on Neg., sec. 1479; N. J. Elec. Ry. Co. v. Miller, 50 N. J. L., 423; A. & E. Ry. Cases N. S., 519; Garrity v. Detroit St. Ry. Co., 112 Mich, 369; Zimmerman v. Union Ry. Co., N. Y. Supp., 362; McLain v. Brooklyn City Ry. Co., 116 N. Y., 459; Deck v. L. & N. R. R. Co.,

Louisville Ry. Co. v. Colston.

23 R., 1069; Griffiths v. M. St. Ry. Co., 71 N. Y., 406; Doyle v. Swift Iron & Steel Works, 5 R., 59; Red River Lumber Co. v. Newkirk, 12 R., 635; Cent. Pass. Ry. Co. v. Chatterson, .14 R., 663; L. & N. R. R. v. McCoy, 81 Ky., 402; N. M. & M. V. R. R. Co. v. Bates, 13 R., 208; Johnson v. L. & N. R. R. Co., 91 Ky., 651; Louisville Ry. Co. v. Blaydes, 668; L. & N. R. R. Co. v. Mattingly, 22 R., 89; Ross v. Ross, 5 B. Mon., 20; L. & N. R. R. v. Schumaker, &c., 23 R., 2458; Carson v. Singleton, 23 R., 1526; Cent. Pass Ry. Co. v. Kuhn, 86 Ky., 578; L. & N. R. R. Co. v. Mitchell, 87 Ky., 327; Ky. C. R. R. Co. v. McMurtry, 3 R., 625; Lou. Southern Ry. v. Minogue, 90 Ky., 369; L. & N. R. R. Co. v. Abell, 14 R., 239; Alexander v. Humber, 86 Ky., 565.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellee was injured while crossing the intersection of Bismarck and Twenty-eighth streets by one of appellant's cars running against her. She was crossing the intersection diagonally, so as to reach the opposite side and corner to take passage on the car. She had seen the car approaching, and had motioned to the motorman that she wanted to get on it. The motorman saw her, and understood her signal. There were other passengers waiting at the corner for the car. Without looking back or paying further heed to the approaching car, appellee continued her course. As she stepped upon the track, the car struck her. The motorman saw her plainly. But although she was going at an angle intersecting the track at a point in advance of the car, he thought that she would pause long enough to let the car pass, and then cross behind it, as is usual. Instead, she stepped upon the track too late for him to stop the car before striking her. It is complained that he neither sounded his gong, nor gave other signal of his approach. The purpose of sounding gongs on streets cars is to notify persons on or about to cross the track that the car is approaching, so that they may govern their actions with safety.

Where, however, the pedestrian sees the car, and knows of its approach, every purpose of the rule for sounding the gong has been fulfilled. The failure, therefore, of the motor-man to sound the gong is not negligence to such pedestrian, if the latter sees or knows of the proximity and approach of the car.

The instructions fairly state the law of the case, except in qualifying the defendant's right to rely on plaintiff's contributory negligence. The jury were told that if the plaintiff was herself negligent in going upon the track, and that but for her negligence she would not have been injured, the jury should find for the defendant, although defendant's servant in charge was negligent as charged, unless they further found from the evidence that defendant knew of her peril, or by ordinary care might have discovered it, in time to have avoided injuring her by the use of ordinary care. This rule of qualification has been approved and applied in certain cases where it was the duty of the railway company to be on the lookout for persons rightfully using its tracks at the point of injury. But we are of opinion that the instruction had no place in this case. Plaintiff was not in apparent peril until the moment she stepped upon the track, or showed her intention to do so. Being close to the track did not, alone, constitute peril. It was impossible for the motor-man to know what was in her mind, or that she intended doing such an unusual and hazardous thing as to step in front of a car which she had just seen, and which he knew she had seen, and which she knew was passing over the track to the usual and known stopping place at the corner. It is common and very common for persons to cross the street railway tracks at other points than regular crossings, especially in crossing street intersections diagonally. The motorman's duty is then to warn the

Louisville Ry. Co. v. Colston.

pedestrians of the car's approach.  If, every time a motor-
man sees a pedestrian leave the sidewalk and approach the
track, he must stop his car, such traffic would have to yield
to the pedestrians entirely.  While pedestrians have an equal
right with others to use the streets in the ordinary manner,
yet they must do so with respect to the rights of other trav-
elers, including the street cars.  As the latter are bound to
go on their tracks alone, and can not give way or stop so
easily as the pedestrian, the latter reasonably should yield
the right of way along the track.  This is both customary
and necessary, and must be known alike to the motorman
and pedestrian.  Each should govern his actions accordingly,
unless he has notice that the other is about to disregard the
rule and his own safety.  In that event, however unjusti-
fiable the other may be, every care then within the motor-
man's power to avoid injuring the other must be observed.
Appellee may have been in peril, in one sense from the
moment she started from the sidewalk toward the track.  But
aside from her having for the moment lost thought of the
danger to herself, and therefore determined to continue her
course across the track ahead of the approaching car, she
was not apparently in peril.  To the mind of the motorman,
she was not in peril unless by her actions he could see that
she was obvious of the nearness of the car, and intended to
continue her course without regard to it.  But there was
nothing in the evidence in this case that would reasonably
indicate that to the motorman.  The qualification of the in-
struction as given was misleading.

Reversed and remanded for a new trial under proceedings
not inconsistent herewith.

Petition for re-hearing by appellee overruled.