(July 2, 1926.)

H. H. GOODMAN and ROSIE GOODMAN, His Wife, Respondents, v. VILLAGE OF McCAMMON, a Municipal Corporation, Appellant.

[247 Pac. 789.]

MUNICIPAL CORPORATIONS—LIABILITY FOR DEFECTIVE STREETS—PERSONAL INJURY—EVIDENCE—QUESTION FOR JURY—INSTRUCTIONS.

1. Cities and villages are liable for negligent discharge of duty of keeping streets and alleys in reasonably safe condition.

2. Municipality is not liable for injuries caused by defective streets in absence of actual or constructive notice of defect.

3. Doctrine of *res ipsa loquitur* has no application to action for injury from defective sidewalk.

4. Evidence *held* insufficient to sustain recovery for injuries to woman stumbling over slight depression in sidewalk.

5. Question of liability of municipality for defective sidewalk or streets must be determined by particular facts of each case.

6. Evidence as to defective condition of sidewalk, causing injuries to woman stumbling over depression, presents question for jury.

7.  Instruction that recovery cannot be had for injury occasioned by depression in sidewalk of depth of less than two inches *held* properly refused, as not correctly stating law.

8.  Refusal of requested instruction, substantially covered in other instructions given, is not erroneous.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action by H. H. Goodman and Rosie Goodman against Village of McCammon, a municipal corporation, for personal injuries. Judgment for plaintiffs. *Reversed and remanded.*

Merrill & Merrill, for Appellant.

A municipality is not liable for injuries caused by defective streets, in the absence of actual or constructive notice of such defect. (*Miller v. Village of Mullan,* 17 Ida. 28, 19 Ann. Cas. 1107, 104 Pac. 660; *City of Evansville v. Belime,* 49 Ind. App. 448, 97 N. E. 565; *City of Huntington v. Bartrom,* 48 Ind. App. 117, 95 N. E. 544; *Commissioners of Delmer v. Venables,* 125 Md. 471, 94 Atl. 89; *Chase v. City of Seattle,* 80 Wash. 61, 141 Pac. 180; *City and County of Denver v. Magiveney,* 44 Colo. 157, 96 Pac. 1002; *Anderson v. City of Wilmington,* 6 Penne. (Del.) 485, 70 Atl. 204; *Edwards v. City of Cedar Rapids,* 138 Iowa, 421, 116 N. W. 323; *McEnaney v. City of Butte,* 43 Mont. 526, 117 Pac. 893; *McKee v. City of New York,* 135 App. Div. 829, 120 N. Y. Supp, 149; *Wilton v. City of Spokane,* 73 Wash. 619, 132 Pac. 404.)

Publisher's Note.

1.  See 13 R. C. L. 310.
2.  See 13 R. C. L. 337.
8.  See 14 R. C. L. 751.

See Municipal Corporations, 28 Cyc., p. 1341, n. 29; p. 1360, n. 53; p. 1361, n. 54; p. 1384, n. 99; p. 1476, n. 38; p. 1494, n. 89; p. 1504, n. 46; p. 1505, n. 47; p. 1515, n. 2.

Trial, 38 Cyc., p. 1711, n. 19.

The doctrine of *res ipsa loquitur* does not apply to an action for negligence against a municipality. (*Corbin v. Benton,* 151 Ky. 483, 152 S. W. 241, 43 L. R. A., N. S., 591; *Borough of Du Bois v. Pancoast,* 218 Fed. 65, 133 C. C. A. 662.)

A municipality is only required to keep its streets and sidewalks in a reasonably safe condition and a minor defect is not actionable. (McQuillin on Municipal Corporations, sec. 2785; *Koch v. Denver,* 24 Colo. App. 406, 133 Pac. 1119; *Gastel v. City of New York,* 194 N. Y. 15, 16 Ann. Cas. 635, 86 N. E. 833; *Baker v. City of Detroit,* 166 Mich. 597, 132 N. W. 462; *Bennett v. City of St. Joseph,* 146 Mich. 382, 109 N. W. 604.)

Peterson & Coffin, for Respondents.

"A corporation is not guilty of negligence for failure to build sidewalks on all of its streets but when it has constructed a walk it must keep it in a reasonably safe condition." (*Moreton v. Village of St. Anthony,* 9 Ida. 532, 75 Pac. 262; *Carson v. Genessee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862; *Eaton v. City of Weiser,* 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541; *Miller v. Village of Mullan,* 17 Ida. 28, 19 Ann. Cas. 1107, 104 Pac. 660.)

The question of the municipality's negligence was for the jury. (*Lusch v. Odin,* 158 Ill. App. 657; *Smith v. Yankton,* 23 S. D. 352, 121 N. W. 848; *Barron v. Watertown,* 211 Mass. 46, 97 N. E. 622; *Hakenson v. Neillsville,* 152 Wis. 594, 140 N. W. 281; *Sizer v. Estherville* (Iowa), 135 N. W. 603; *Robinson v. Omaha,* 84 Neb. 642, 121 N. W. 969; *San Antonio v. Ashton* (Tex. Civ. App.), 135 S. W. 757; *Preiss v. New York,* 69 Misc. Rep. 492, 127 N. Y. Supp. 498; *Czerniak v. Chicago,* 161 Ill. App. 360; *Louisville v. Laufer,* 140 Ky. 457, 131 S. W. 192; *Kelley v. Kansas City,* 153 Mo. App. 484, 133 S. W. 670.)

If the circumstances of the particular case are sufficient, reasonably, to imply notice on the part of the municipality, or if in all the circumstances of the case it should have known of the defect in the sidewalk, it may not be heard

to say that it had no specific notice. (*City of St. Paul v. Hyslop,* 174 Fed. 391, 98 C. C. A. 609; *Town of Newcastle v. Grubbs,* 171 Ind. 482, 86 N. E. 757; *City of Hammond v. Jahnke,* 178 Ind. 177, 99 N. E. 39; *City of Newport v. Lewis,* 155 Ky. 832, 160 S. W. 507; *Lundy v. City of Sedalia,* 162 Mo. App. 218, 144 S. W. 889; *Billings v. City of Snohomish,* 51 Wash. 135, 98 Pac. 107.)

ADAIR, Commissioner.—This action was brought by plaintiffs, husband and wife, for personal injuries sustained by the wife, Rosie Goodman. They allege that Mrs. Goodman fell as a result of the dangerous and unsafe condition of a certain cross-walk, at a place where a slab of cement was missing therefrom, and which defective condition had been permitted to continue through the negligence and carelessness of defendant. Motions for nonsuit and later for a directed verdict were interposed by defendant and were by the court overruled. Plaintiffs were required to elect upon which count of their complaint, that is, the one alleging the faulty construction of the cross-walk, or the one alleging failure to keep it in proper repair, they relied, and they committed themselves to the theory that the negligence on which they relied consisted of permitting the walk to become and remain unsafe, through failure to keep it in proper repair. The jury returned a verdict for plaintiffs, and from the judgment thereon, defendant prosecutes this appeal.

The specifications of error may be grouped and considered under two heads:

First, the insufficiency of the evidence; second, refusal to give the jury defendant's requested instructions Nos. 2 and 4.

The evidence discloses that defendant is a village of approximately four hundred and fifty inhabitants. The place where the accident occurred was at the point where Eighth Street and Center Street intersect. This cross-walk consisted of two strips of cement running parallel across the street from curb to curb, which strips were each about

eighteen inches wide and provided footwalks for pedestrians. The space between these cement strips was filled with gravel. At the time the accident occurred the top coping of one of these strips of cement was missing, making a depression about eighteen inches wide and about three feet long. Its depth is disputed. Witnesses for plaintiff testified that the hole or depression thus created was from an inch and one-quarter to three inches in depth, and that the place where the coping had been removed was very rough, while witnesses for defendant testified that this depression was from seven-eighths of an inch to one and three-eighths of an inch in depth. There was a street lamp located a few feet from this defect, the light from which, on the night in question, entirely encircled this depression. Plaintiff, Rosie Goodman, who was sixty-seven years old, was walking with her daughter side by side, she being on the strip of walk in which this defect existed. The daughter testified that the shadow cast by their bodies obscured their vision so that they did not see this defect in the cross-walk. Rosie Goodman stepped into this declivity, stumbled and fell, and received injuries necessitating an operation, and resulting in serious bodily harm, pain and mental suffering, for which she and her husband are seeking to recover in this action.

This defective cross-walk was on one of the principal thoroughfares of the village, traveled generally by the public. It had been traversed by plaintiff who had resided at the same place for over four years, in going to and from town, and was traveled by other residents of the village. Notwithstanding this conceded fact there was not a scintilla of evidence adduced showing how long this defective condition had existed. Whether this top strip of cement was broken that day, or had existed in that condition for a long period of time is not disclosed by the testimony. There was no evidence even tending to show that the village trustees, or any other officers of the municipality ever had any actual knowledge of this defect. There was nothing in the entire record from which the court or

jury could even infer that it had existed for a sufficient length of time to impute knowledge of its existence to the village authorities charged with and responsible for the duty of keeping the streets and sidewalks in a safe condition.

[1] Ailshie, J., speaking for this court in the case of *Miller v. The Village of Mullan,* 17 Ida. 28, 19 Ann. Cas. 1107, 104 Pac. 660, said:

"It is settled in this state that cities and villages incorporated under the general law of the state 'are liable in damages for a negligent discharge of the duty of keeping streets and alleys in a reasonably safe condition for use by travelers in the usual modes.' (*Carson v. City of Genesee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862; *Moreton v. Village of St. Anthony,* 9 Ida. 532, 75 Pac. 262.)

"Without negligence there can be no recovery. Negligence may arise out of a failure to act on actual and positive knowledge of a defect or danger in a street or sidewalk, or it may equally arise out of constructive knowledge on the part of the proper village or city authorities that a defect or danger exists. (2 Dillon Mun. Corp., sec. 1024; Elliott on Ev., sec. 2513.)"

[2] This quotation correctly states what the courts uniformly hold to be the law on this subject, which principle conversely stated is that a municipality is not liable for injuries caused by defective streets, in the absence of actual or constructive notice of such defect. A village cannot be held for injuries suffered by a pedestrian unless it has been negligent.

[3] Under the facts and circumstances of this case the doctrine of *res ipsa loquitur* has no application. In the case of *Corbin v. Benton,* 151 Ky. 483, 152 S. W. 241, 43 L. R. A., N. S., 591, the court said:

"To say, therefore, that the breaking or slipping of a stone, shown to be in every way sufficient for the purpose of covering a culvert, is of itself evidence of its insufficiency or negligent placement, when, as a matter of fact, its condition or improper position may have been due to it being

struck by a vehicle a few minutes before the accident occurred, would often impose upon a city a liability for an accident when the city was not only free from negligence, but had used the utmost care to maintain its streets in a reasonably safe condition for public travel. For this reason, we conclude that the doctrine of *res ipsa loquitur* should not be applied in cases of personal injury growing out of the dangerous and defective condition of the streets of a city."

[4] In the federal courts the same doctrine has been applied. (*Borough of Du Bois v. Pancoast,* 218 Fed. 65, 133 C. C. A. 662.) There was nothing in the circumstances attendant upon the accident which of itself was of such a character as to justify the jury in inferring negligence as to the cause of this defect. Surely if this condition had existed for any length of time, such fact was easily susceptible of proof, and without such proof the jury were not warranted in inferring negligence on the part of the village officers. In this respect the evidence was wholly insufficient to sustain the verdict, and a judgment without some evidence on this proposition cannot stand.

In view of the fact that this cause must be remanded for a new trial, I will briefly discuss the other assignments of error.

Appellant, in effect, contends that the defect in the cross-walk was so insignificant that it did not afford a basis for an action for injuries; that the village is not an insurer of the safety of those who use its sidewalks and is not required to keep them in an absolutely safe condition; and that this slight defect was such as might be anticipated by any pedestrian, and no matter what injury was sustained as a result thereof, the village would not be liable in damages. In other words it contends that as a matter of law this was not such a defect as to be actionable, and that the trial court erred in submitting the case to the jury at all. In support of this contention it cites *Baker v. City of Detroit,* 166 Mich. 597, 132 N. W. 462, which was an action for personal injuries from a defect

in a sidewalk. An instruction to the effect that, unless the depression was more than two inches, there was no liability, was upheld, and the court further held that an inequality of two inches or less in a sidewalk does not render it unsafe for public travel. Appellant also cites the following cases, involving somewhat similar facts in support of this position: *Gastel v. City of New York*, 194 N. Y. 15, 128 Am. St. 540, 16 Ann. Cas. 635, 86 N. E. 833; *Bennett v. City of St. Joseph*, 146 Mich. 382, 109 N. W. 604, and McQuillin on Municipal Corporations, sec. 2785, reading as follows:

"To keep all the sidewalks in perfect condition at all times is practically a municipal impossibility. For instance, slight inequalities are nearly always found, at one place or another, especially where there is much travel. Minor defects or obstructions are generally not actionable. This includes *slight depressions* in sidewalks, slight differences in the level of a sidewalk, sagging planks, etc."

[5] On the other hand there are numerous reported cases, which it would not be profitable or proper to cite at length herein, upholding verdicts for personal injuries received, due to slight defects in sidewalks or streets. I conclude from an examination of the authorities on this subject that there is no hard-and-fast rule to govern all cases, as to what extent such defects or obstructions are actionable, but that the question of the liability of the municipality must be determined by the particular facts of each case, and all the surrounding circumstances connected therewith. A court cannot say, as an abstract principle of law, that any depression or obstruction not exceeding two inches, or any other definite measure or depth is not an actionable defect. All the other surrounding circumstances must be taken into consideration. In the instant case there was some evidence that the bottom of the depression was very rough and uneven, filled with large and small rocks set firmly in the cement base. [6] There is a variance in the testimony as to the actual condition of this place, and the court could not say, as a matter of law, that this defect was

not actionable. This was a question of fact to be determined by the jury in the light of all the testimony adduced on the trial.

[7] Appellant urges that the court erred in refusing to give its requested instruction No. 2. This instruction read:

"You are instructed, Gentlemen of the Jury, that if you believe from the evidence that there was a depression, in the cross-walk of the Village of McCammon, and you find that this depression consisted of a depth of less than two inches you are charged as a matter of law, the plaintiff cannot recover."

For the reasons heretofore stated this instruction does not correctly state the law of the case, and was properly refused.

[8] Appellant also requested the court to give its instruction No. 4, based upon the law of contributory negligence and setting out appellant's theory of the case, which request was also refused. The court, of its own motion, however, did instruct the jury correctly on the law of contributory negligence and substantially in effect as requested, making its instruction applicable to the facts of the case. The giving of the requested instruction would have been a mere repetition, in different language, of the matter included in the instructions actually prepared and given by the court. No error occurred in the refusal to give this instruction.

The judgment should be reversed and I recommend that the cause be remanded for a new trial.

Wm. E. Lee, Budge and Taylor, JJ., concur. Givens, J., Dissents.

PER CURIAM.—The foregoing opinion is hereby adopted as the opinion of the court. The judgment is reversed and the cause remanded for a new trial, with costs to appellant.