(No. 4707.   November 9, 1927.)

## S. E. TODD and HATTIE J. TODD, Respondents, v. THE CITY OF HAILEY, Blaine County, Idaho, Appellant.

[260 Pac. 1092.]

DAMAGES—APPEAL AND ERROR—DEFICIENCY IN COMPLAINT—EFFECT OF AMENDMENT — PLEADING—TRIAL COURT'S DISCRETION—MUNICIPAL CORPORATIONS — CONSTRUCTIVE   NOTICE — EVIDENCE — PROXIMATE CAUSE OF INJURY—RULE ON CONFLICTING EVIDENCE.

1. In view of amendment of complaint during trial curing any deficiency in original pleading, defendant may not complain of the prior overruling of demurrer to the complaint.

2. Amendment of complaint, simply amplifying or extending the time during which dangerous condition of sidewalk complained of existed, bearing only on question of notice to city, did not change cause of action.

3. Amendments of pleadings rest largely in discretion of trial court, and, unless exercise of such discretion deprives the opposite party of some substantial right, action of the court will not be disturbed.

4. Error cannot be predicated on the allowance of amendment of complaint at trial, defendant refusing offered privilege of application for continuance for surprise.

5. Evidence of defect in a sidewalk, from planks forming bridge over ditch intersecting sidewalk being off, having existed for a sufficient length of time to constitute constructive notice to the city, *held* sufficient to go to the jury.

6. Evidence of defect in sidewalk by reason of which plaintiff stepped into uncovered ditch, being proximate cause of her injury, *held* sufficient for the jury, notwithstanding conflict in testimony of doctors.

7. A verdict based on substantial evidence, notwithstanding conflict therewith, will not be disturbed on appeal.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. Dana E. Brinck, Presiding Judge.

Action for damages for personal injuries. Judgment for plaintiffs. *Affirmed.*

L. A. Bresnahan and Sullivan, Sullivan & Van Winkle, for Appellant.

For a failure of a municipality to repair in general it is not liable unless (a) it has actual notice of the defect, or (b) of such facts and circumstances as would by the exercise of reasonable diligence lead a prudent person to such knowledge. The only negligence which can be attributed to a municipality is a failure to act, and there can be no obligation to act if the defective condition is neither known, nor should have been known by the municipality. The city is not an insurer against accident. (6 McQuillin, Munic. Corp., sec. 2807, p. 5718; *Miller v. Village of Mullan,* 17 Ida. 28, 19 Ann. Cas. 1107, 104 Pac. 660; Dillon, Munic. Corp., secs. 1024, 1025; 28 Cyc. 1477.)

The rule of permitting amendments of pleadings should not be applied so liberally as to enable litigants to alter their

---

Publisher's Note.

1. See 2 R. C. L. 245.

2. Amendments varying or altering cause of action, how far allowable, see notes in 34 Am. Dec. 158; 51 Am. St. 414. See, also, 21 R. C. L. 580.

3. See 2 R. C. L. 218; 21 R. C. L. 572.

7. See 2 R. C. L. 194.

See Appeal and Error, 4 C. J., sec. 2612, p. 703, n. 74 New; sec. 2757, p. 800, n. 40; sec. 2836, p. 858, n. 3; sec. 2911, p. 937, n. 6.

Damages, 17 C. J., sec. 361, p. 1059, n. 64.

Municipal Corporations, 43 C. J., sec. 1824, p. 1048, n. 96; sec. 1825, p. 1050, n. 8; sec. 2003, p. 1234, n. 19; sec. 2045, p. 1283, n. 98; sec. 2048, p. 1289, n. 18; sec. 2051, p. 1292, n. 40.

Pleadings, 31 Cyc., p. 368, n. 9, p. 399, n. 83.

modes of presenting cases in respect to both law and facts, so as to meet the views of the court as they conceive them to be. (*Elder v. Idaho-Washington etc. Ry. Co.*, 26 Ida. 209, 141 Pac. 982; *Fralick v. Mercer*, 27 Ida. 360, 148 Pac. 906; *Palmer v. Utah etc. Ry. Co.*, 2 Ida. 382, 16 Pac. 553.)

Leave to amend should not be granted where it is apparent that pleader cannot truthfully do so. (31 Cyc. 373–422.)

Matters inconsistent with or repugnant to the substantial allegations of the original bill cannot be introduced by amendment. (1 Ency. Pl. & Pr., p. 473.)

C. O. Stockslager and Bothwell & Chapman, for Respondents.

"It is not error at the beginning of a trial to permit an amendment, otherwise proper, when the adverse party is offered a continuance if surprised and no surprise or prejudice is claimed and he elects to proceed with the trial." (*Green v. Smith*, 37 Ida. 502, 217 Pac. 604.)

"Where trial court, because of the allowance of an amendment at the trial, indicated a willingness to grant a continuance, appellant cannot take chances on the result of the trial and lose, and then to be heard to complain of the action of the trial court in allowing the amendment." (*Power v. Security S. & T. Co.*, 38 Ida. 269, 222 Pac. 779; *Vollmer-Clearwater Co. v. Union Warehouse & S. Co.*, 43 Ida. 37, 248 Pac. 866.)

"Amendments of pleadings rest largely in the discretion of the court, and unless the exercise of such discretion deprives the complaining party of some substantial right, the action of the trial court will not be disturbed." (*Small v. Harrington*, 10 Ida. 499, 79 Pac. 461; *Idaho Placer Min. Co. v. Green*, 14 Ida. 294, 94 Pac. 461.)

"Where the court allows an amendment to the complaint and thereafter offers to continue the case at the cost of plaintiff, and the defendant indicates that he does not desire the case continued, *held*, that the court did not err in per-

mitting the amendment.'' (*Lorang v. Randall*, 27 Ida. 259, 148 Pac. 468.)

There is no definite rule as to what length of time would be required to justify an inference of notice to a city of defects in a sidewalk. Where a plank in a sidewalk was broken ''several days'' before the accident the question of time was for the jury. (*Laurie v. City of Ballard*, 25 Wash. 127, 64 Pac. 906.)

Where the excavation had been left open, on a well-traveled street, for two or three days before the accident, the question of time was a question for the jury. (*Holitza v. Kansas City*, 68 Kan. 157, 74 Pac. 594.)

The jury, under proper instructions, must be left to determine from the evidence what lapse of time is necessary to charge a city with constructive notice, and an instruction which takes away this question from them is erroneous. (*City of Savannah v. Trusty*, 98 Ill. App. 277.)

Time is a question of fact for the jury and the inference may be drawn from the magnitude of the defect, its conspicuity, and the length of time of continuance, or its notoriety. (28 Cyc. 1390, 1500.)

Actual observation by all passersby is not necessary, but it is sufficient if the defect is of such character as to be noticeable to those who look. (*Rosevere v. Osceola Mills*, 169 Pa. St. 555, 32 Atl. 548; *McKissick v. City of St. Louis*, 154 Mo. 588, 55 S. W. 859; *City of Covington v. Jones* (Ky.), 79 S. W. 243.)

''The rule requiring notice is not applied, however, where the defect is one in construction, as distinguished from a mere condition of repair . . . . the municipality being charged *ab initio* with defects of its own making or leaving in the construction or repair of any portion of the highway.'' (28 Cyc., p. 1386, and cases there cited.)

''A verdict on substantially conflicting evidence will not be disturbed.'' (*Ainslee v. Idaho World Printing Co.*, 1 Ida. 641.)

ADAIR, Commissioner.—This is an action for damages brought by respondents, husband and wife, on account of

personal injuries sustained by the wife as a result of a fall caused, while traveling at night upon a public sidewalk, by stepping into an uncovered irrigation ditch which crossed said sidewalk, and which ditch also belonged to, and was maintained by, the appellant city. It is alleged that planks, forming a small bridge across this lateral where it intersected the cement sidewalk, had been removed, and the lateral left uncovered, so as to be a menace to pedestrians passing that way at night, and that no light or signal was displayed there to show the dangerous condition in which this particular place had been left. The appellant denied all the allegations of the complaint, and specifically denied any negligence on its part, and alleged negligence on the part of Mrs. Todd contributing to her injuries, if any were by her sustained.

The verdict of the jury was for the plaintiffs, and from the judgment based thereon this appeal is taken. The eight assignments of error may be grouped under two general heads, and thus considered will dispose of all the questions presented here.

It is urged that the trial court erred in permitting an amendment to the complaint during the course of the trial. A *résumé* of the record is necessary to understand the contention made in this regard. To the original complaint, a demurrer was sustained. An amended complaint was thereafter filed, which was also held to be vulnerable on demurrer. A second amended complaint was thereafter filed, and the demurrer thereto was overruled, and the appellant thereupon answered as above indicated. In each of the first two complaints it was alleged, in effect, that on or about the fifteenth day of July, 1923, this ditch, which had theretofore been properly and safely covered for a long period of time, "had had the boards removed and the lateral left uncovered," and that "on the night aforesaid" the plaintiff stepped into the ditch and was injured. In the second amended complaint, it was alleged "that on or about the fifteenth day of July, 1923, the boards covering said lateral were removed therefrom," and that plaintiff "on

the night aforesaid" stepped into the ditch and the injury resulted. In none of the three complaints were there any further allegations to the effect that the defective condition of the walk had extended over a longer period of time, nor were there any allegations that the officers of the city had either actual or constructive notice of this condition. At the trial, after certain witnesses had testified, the respondents called a witness and attempted to prove by her that this particular defective condition had existed there for some days previous to the night on which Mrs. Todd fell. The court sustained objections to such proffered evidence, ruling that under the allegations of the amended complaint the plaintiff must be held to the proof of the facts therein stated, that is, that the planks covering the bridge were removed on July 15, 1923. The respondents then sought and obtained permission, over the objections of appellant, to amend their complaint so that it read:

"That between on or about July 1st, 1923, and on or about the 15th day of July, 1923, the boards covering the city lateral were removed therefrom, and defendant carelessly and negligently left said lateral open and exposed during the night of on or about July 15th, 1923."

[1] It is the contention of appellant that the complaint, at the time of the commencement of the trial, and before this amendment was permitted, failed to state a cause of action, and was therefore not subject to amendment; that the amendment states an entirely new and different cause of action, thereby changing the very theory of the case, and one inconsistent with that theretofore pleaded, and that, because of such inconsistency, the amendment should not have been allowed; and that it was a grave and unwarranted abuse of discretion to permit such an amendment during the progress of the trial, thereby taking the appellant by surprise. It also asserts that the court erred in originally overruling its demurrer to said second amended complaint which wholly failed to state a cause of action, in that it failed to allege knowledge on the part of any city officer of this defective condition in the sidewalk, or the existence thereof for a sufficient length of time before the accident as

to impute notice to the city. If we admit this last proposition to be correct, the absence of such allegations was cured by the amendment allowed, and even if the court erred in the first instance, the appellant cannot complain in view of the amendment made during the trial, which then cured any deficiencies of the original pleading. Thereafter the complaint did unquestionably state a cause of action.

[2] There is no merit in the contention that this amendment makes the complaint state a new or entirely different cause of action. This amendment simply amplifies or extends the time during which the dangerous condition is alleged to have existed. There is no new cause of action stated any more than there would have been had the complaint alleged that the accident occurred on the 15th, and the proof showed that it actually happened on the 20th of the same month. Under such a situation, the court would have been justified in permitting an amendment to conform to the proof, but that would not have changed the cause of action in any particular.

There is nothing inconsistent with the original allegations and those contained in the complaint as last amended. Had the court sustained the demurrer when submitted, surely the respondents could have made the same amendment before the trial commenced. The record shows that the learned trial judge carefully guarded the rights of all parties throughout the trial, particularly at the time this amendment was permitted. He suggested that he would entertain an application for a continuance, if one was necessitated because of surprise. The appellant did not avail itself of this privilege, although time was granted for the preparation of such a motion. Counsel elected to stand on the record, and proceed with the trial. It is not now claimed that any different or new evidence could or would have been adduced. No motion for a new trial on the ground of newly discovered evidence has been presented.

[3] This court has many times held that amendments of pleadings rest largely in the discretion of the court, and that unless the exercise of such discretion deprives the complain-

ing party of some substantial right, the action of the trial court will not be disturbed.

As to granting an amendment even during the progress of the trial, this court has held:

"Where the trial court, because of the allowance of an amendment at the trial, indicated a willingness to grant a continuance, appellant cannot take chances on the result of the trial and lose, and then be heard to complain of the action of the trial court in allowing the amendment." (*Powers v. Security Savings & Trust Co.*, 38 Ida. 289, 222 Pac. 779.)

See, also, *Lorang v. Randall*, 27 Ida. 259, 148 Pac. 468; *Fralick v. Mercer*, 27 Ida. 360, 148 Pac. 906.

[4] There was no error in allowing this amendment under the circumstances shown in the record.

Appellant urgently insists that the court erred in refusing its motion for a nonsuit and later for a directed verdict, and that the evidence was insufficient to sustain the verdict. There are four particulars in which it is contended that the evidence was wholly insufficient, which we will briefly discuss.

[5] First, appellant maintains that there was no competent evidence that there was a defect in the sidewalk; or that defendant knew of such defect; or that defendant was in any way responsible for its existence; or that it had continued there for such a length of time that the defendant should have known of it. In the case of *Goodman v. Village of McCammon*, 42 Ida. 696, 247 Pac. 789, this court recently held that evidence as to a defective condition of a sidewalk causing injuries to a pedestrian stumbling over or into a depression, presents a question for the jury. Whether this sidewalk was uncovered and constituted a menace to Mrs. Todd was properly submitted to the jury, which found against appellant. It is not necessary or material to a recovery that respondents prove that the defendant actually caused this bridge to be removed. (*Holitza v. Kansas City*, 68 Kan. 157, 74 Pac. 594.)

This court has heretofore held that the doctrine of *res ipsa loquitur* does not apply, and a city must have either

actual notice, or the defect in a sidewalk must have existed for a sufficient length of time as to constitute constructive notice, that is, impute notice to the city. (*Goodman v. Village of McCammon, supra.*)     There is no definite rule as to what length of time would be required to justify an inference of notice to a city of defects in a sidewalk.     Numerous cases can be found wherein the existence of such a defect for a period varying from one to several days has been held, as a matter of law, sufficient on which a jury could base a finding that the city could have learned of the defect by ordinary diligence, and that the jury, under proper instructions, must be left to determine from the evidence, what lapse of time is necessary to charge a city with constructive notice.     We will cite only a very few of the authorities sustaining this statement: *City of Covington v. Jones* (Ky.), 79 S. W. 243; *McKissick v. City of St. Louis,* 154 Mo. 588, 55 S. W. 859; *Rosevear v. Borough of Osceola Mills,* 169 Pa. 555, 32 Atl. 548; *City of Savanna v. Trusty,* 98 Ill. App. 277; *Hobitza v. Kansas City, supra; Laurie v. City of Ballard,* 25 Wash. 127, 64 Pac. 906; 28 Cyc. 1390, 1500, 1502.

One witness, whose testimony, it is true, was somewhat indefinite as to the exact date, testified positively to seeing these planks out of this particular bridge some time between the 8th and 15th of July, the night of the accident.     It cannot be said that there was no substantial evidence on this proposition, and it was submitted to the jury under instructions correctly stating the law relative thereto.

[6]     It is next urged that there is no evidence proving that the defect complained of was the proximate cause of the injury.     The evidence is undisputed that Mrs. Todd fell because of stepping into the ditch that night.     It is true that there is a conflict in the testimony and opinions of the two doctors called by the respective parties, and who expressed their conflicting expert opinions as to the cause of her present infirmities.     There was ample evidence on this issue to go to the jury, and it was submitted under instructions correctly stating the law in that regard.

It is contended that there was no evidence of permanent or other injury.     The jury, by their verdict, may not have

allowed any recovery at all for permanent injuries. The amount of damages allowed rather indicates that the same was only to compensate for pain and suffering, expense of medical treatment and loss of time, and not for any great permanent and lasting injury. Surely a person falling to the ground might, and would be likely to, sustain injury to some extent. Plaintiff testified that she did, and she was amply corroborated, and there was competent evidence to warrant the jury in so finding, and in fixing the amount thereof. The correct measure of damages was carefully and fully stated in the court's instructions.

Lastly, appellant contends that the accident resulted from the contributory negligence of Mrs. Todd. We can find no evidence in the record from which an inference could be drawn that she was negligent in walking where or in the manner she did, and no contributory negligence can be attributed to her. There is absolutely no evidence that her failure to promptly call for medical attention in any way contributed to her present condition. She delayed for some time in calling a physician, evidently thinking, as many do, that time would soon heal her wounds and remove her physical disability. Later she called a doctor, under whose care she continued to be until the date of the trial. The jury were again properly and fully instructed on the law of contributory negligence as it applied to the facts in this case.

[7] It is too well settled in this state, to permit citation of authority, that a verdict based upon substantial but conflicting evidence will not be disturbed on appeal.

Finding no error in the record, we recommend that the judgment be affirmed and that costs be awarded to respondents.

Babcock and Featherstone, CC., concur.

The foregoing is approved as the opinion of the court. The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.