(No. 5610.   December 1, 1930.)

ROY DOUGLAS, Respondent, v. THE CITY OF MOS-COW, a Municipal Corporation, Appellant.

[294 Pac. 334.]

Warren Truitt and Frank L. Moore, for Appellant.

A. H. Oversmith and A. L. Morgan, for Respondent.

GIVENS, C. J.—In the City of Moscow at the intersection of the crosswalk across the east intersection of Main Street with "D" Street, there is a ditch about four feet deep, a natural drainway through the city, along and across the crosswalk, which ditch runs under the intersection of the crosswalk and is partially covered in a culvert under the crosswalk and under the street, but there is no guard-rail or other protection at such place around or along the open portions of such ditch.

Respondent on November 8th at about 7:30 o'clock P. M. while walking at said point, fell into the open ditch suffering injuries for which this suit was instituted, resulting in a judgment in his favor for damages. While the complaint further stated that an arc-light placed at such intersection,

at the time of the accident suddenly went out leaving the location shrouded in darkness, the same is not charged as negligence against the city. The only charge of negligence is the failure of the city to provide a proper guard-rail or other protection around the open portions of the ditch at place in question.

While numerous assignments of error are made by appellant, they may be summed up in three propositions, that the complaint did not state a cause of action; that the city was under no legal liability to provide guard-rails or barriers at the point in question; and that respondent was guilty of contributory negligence as a matter of law, and therefore should have been denied relief.

■ ■ Appellant's attack upon the complaint is that the city was not liable for the failure of the arc-light, and that the complaint did not charge that the open ditch was "dangerous to persons traveling thereon *while exercising reasonable care and prudence*." This last criticism overlooks the allegation in paragraph 2 of the complaint that the "plaintiff herein at said time and place and while so traveling over said sidewalk was *exercising due care and circumspection*." The complaint therefore sufficiently charges that which appellant contends it should have contained. No motion to strike the statement as to the light going out, was made, the balance of the complaint stated a cause of action, hence the demurrer was properly overruled. (*Gould v. Hill*, 43 Ida. 93, at 105, 251 Pac. 167; *Casady v. Scott*, 40 Ida. 137, 237 Pac. 415; *Civils v. First Nat. Bank*, 41 Ida. 690, 241 Pac. 1023.)

■ ■ The responsibility and liability of cities in the care of streets in this state has thus been stated.

" . . . . Cities and villages incorporated under the general law of the state are liable in damages for a negligent discharge of the duty of keeping streets and alleys in a reasonably safe condition for use by travelers in the usual modes. . . . . Negligence may arise out of a failure to act on actual and positive knowledge of a defect or danger in a street or sidewalk, or it may equally arise out of construc-

tive knowledge on the part of the proper village or city authorities that a defect or danger exists.'' (*Goodman v. Village of McCammon,* 42 Ida. 696, at 701, 247 Pac. 789, 790.)

Appellant contends, however, that the facts in this case under *Smith v. City of Rexburg,* 24 Ida. 176, Ann. Cas. 1915B, 276, 132 Pac. 1153, show that the city was under no obligation to maintain guard-rails, and that the general rule above quoted was sufficiently complied with. In *Smith v. City of Rexburg* it was conceded, page 181 (of 24 Ida.), that it was not incumbent upon the city to erect a rail or barrier at the end of the culvert in question. No such concession is herein made and the general rule applicable under such circumstances is that the question of whether a street is safe or whether the city has been negligent in the construction and maintenance thereof is a question for the jury. (*Walters v. City of Seattle,* 97 Wash. 657, 167 Pac. 124.) Since a municipality may not as a matter of law be relieved from liability for a defect, where it is such that reasonably prudent men would anticipate it might cause injury to some pedestrian exercising due care (*Lewis v. City of Spokane,* 124 Wash. 684, 215 Pac. 36), we cannot say that reasonably prudent men might not say that the city in exercising reasonably prudent care in maintaining its streets in a reasonably safe condition for travel should have provided a guard-rail or other protection to pedestrians at the place in question. (*Knight v. City of La Grande,* 127 Or. 76, 61 A. L. R. 256, 271 Pac. 41.)

Appellant contends because respondent was familiar with this locality and was proceeding at night when he was, as the evidence shows, partly blinded by the glare of lights of automobiles in the vicinity, he was so guilty of contributory negligence as to prevent him from recovering. A complete answer to the point as to his previous knowledge is stated in *Carson v. City of Genesee,* 9 Ida. 244, at 250, 108 Am. St. 127, 74 Pac. 862, 863, thus:

''The prevailing principle which seems to run through the cases on this subject is: That previous knowledge of a dangerous place in a street or sidewalk is not *per se* evidence of

such negligence as will preclude a recovery except in those cases where the known defect is so great as to prevent a reasonably diligent person from attempting to pass over such street or sidewalk in any usual manner," and as to respondent proceeding we may say herein as it was said in the above case, p. 250:

"In the case at bar the question of plaintiff's negligence in going upon the sidewalk where she received the injuries complained of was properly submitted to the jury, together with the other facts in the case, and we find no reason for disturbing their verdict on that ground."

The instructions requested by the appellant were sufficiently and correctly covered by the instructions given by the court. No errors appear in the record. The judgment is affirmed, costs awarded to respondent.

Budge, Lee, Varian and McNaughton, JJ., concur.