(No. 5926. October 14, 1933.)

W. H. DRAPER, Respondent, v. CITY OF BURLEY, a Municipal Corporation, Appellant.

[26 Pac. (2d) 128.]

S. T. Lowe, for Appellant.

A. G. Sathre, for Respondent.

MORGAN, J.—Respondent, while walking along one of the streets of appellant, collided with an awning extending over the sidewalk in front of a store building placed and maintained there by the owner or occupant of the building. As a result of the collision respondent suffered personal injury and prosecuted this action for damage resulting therefrom. The case was tried to a jury and verdict and judgment were for plaintiff. Motion for a new trial was made and overruled, and defendant has appealed from the judgment and from the order denying the new trial.

The evidence shows the awning was attached to the building and so constructed that it might be raised and lowered; that respondent is five feet ten inches in height and that he was struck on the forehead by the part of the awning farthest from the building; that some time after the accident measurements were made which showed that part

of the awning to be five feet eight inches above the sidewalk.

There was no evidence that any officer of appellant knew, at any time prior to the accident, that the awning was low enough to cause it and, appellant insists, the evidence fails to show the awning had remained in the position it was in at the time of the accident long enough to give constructive notice to its officers of the dangerous condition. The only evidence bearing on this point is to be found in the testimony of the witness, Nye, that he constructed the awning about sixteen years prior to the trial. He further testified:

"Q. I believe you stated you didn't know when this awning had been either rebuilt or torn down?

"A. Well, I don't know; I put the awning up but I don't know whether it has ever been taken down since then. I don't hardly think so; there were no changes in the rails where the castings were fastened on to the beams, yet it may have been. . . . . the awning, when it was put up in the first place, was about six feet; four or five inches, and in the course of time—that was the first awning in town and it was too heavy for the beam, and it turned the beam a little, and a quarter of an inch turn would let it down.

"Q. Would that beam change the height of the awning?

"A. Well, it could change the height of the awning any time it happened to give that little twist.

"Q. You couldn't tell when that twist would come?

"A. No.

"Q. Would it come one day and not the next?

"A. When it came the awning would be down.

"Q. Since the twist came in the awning it has been that same height all the time?

"A. Yes, unless it has been gradually twisting; a very little twist would let it down."

At the time of the accident, and for a number of years prior thereto, appellant had an ordinance requiring that awnings be not less than seven feet above the sidewalk, and making it the duty of the marshal to enforce the regulation and to remove obstructions maintained in violation thereof.

The evidence shows the awning, when constructed, while high enough not to be dangerous to respondent, was not high enough to comply with the ordinance, and fails to show whether it had been reconstructed prior to the accident.

There is no evidence tending to show how long, prior to the accident, this awning had been maintained at a height which rendered it dangerous to pedestrians. In the absence of proof that the officers having charge of the thoroughfares of the city had knowledge of the dangerous condition which caused this accident, it was incumbent upon respondent to prove such condition had existed long enough to charge them with constructive notice thereof.

In *Goodman v. Village of McCammon,* 42 Ida. 696, 247 Pac. 789, this court quoted from *Miller v. Village of Mullan,* 17 Ida. 28, 104 Pac. 660, 19 Ann. Cas. 1107, as follows:

"It is settled in this state that cities and villages incorporated under the general law of the state 'are liable in damages for a negligent discharge of the duty of keeping streets and alleys in a reasonably safe condition for use by travelers in the usual modes.' . . . .

"Without negligence there can be no recovery. Negligence may arise out of a failure to act on actual and positive knowledge of a defect or danger in a street or sidewalk, or it may equally arise out of constructive knowledge on the part of the proper village or city authorities that a defect or danger exists."

See, also, *Douglas v. City of Moscow,* 50 Ida. 104, 294 Pac. 334.

In *Todd v. City of Hailey,* 45 Ida. 175, 260 Pac. 1092, 1094, the court said:

"There is no definite rule as to what length of time would be required to justify an inference of notice to a city of defects in a sidewalk. Numerous cases can be found wherein the existence of such a defect for a period varying from one to several days has been held, as a matter of law, sufficient on which a jury could base a finding that the city could have learned of the defect by ordinary diligence, and that the jury, under proper instructions, must be left to determine

from the evidence, what lapse of time is necessary to charge a city with constructive notice. We will cite only a very few of the authorities sustaining this statement: *City of Covington v. Jones*, (Ky.) 79 S. W. 243; *McKissick v. City of St. Louis*, 154 Mo. 588, 55 S. W. 859; *Rosevene v. Borough of Osceola Mills*, 169 Pa. 555, 32 Atl. 548; *City of Savanna v. Trusty*, 98 Ill. App. 277; *Holitza v. Kansas City, supra* [68 Kan. 157, 74 Pac. 594]; *Laurie v. City of Ballard*, 25 Wash. 127, 64 Pac. 906; 28 Cyc. 1390, 1500, 1502."

█ Notice to the city, actual or constructive, of the obstruction which rendered the use of the sidewalk dangerous to pedestrians is necessary to justify the judgment and order appealed from. It was for the jury to say, by its verdict, appellant had such notice, but the verdict, in order to be upheld, must be based upon evidence, and the evidence in this particular is insufficient.

Appellant complains that instructions numbered 6 and 7 are contradictory, confusing and do not correctly state the law. Instruction numbered 6 is as follows:

"The court instructs the jury that it is not necessary to charge the city with liability for damages that it have notice of the nuisance. The city is charged with the duty of keeping the streets and sidewalk free for use and passage without danger. You are further instructed that incorporated cities and villages are liable in damages for negligence in maintaining streets and alleys in a reasonably safe condition for travel."

█ One error in this instruction consists in the statement "that it is not necessary to charge the city with liability for damages that it have notice of the nuisance." (See *Goodman v. McCammon, Miller v. Village of Mullan, Douglas v. City of Moscow,* and *Todd v. City of Hailey,* above cited.) To this the court added the further erroneous statement that "the city is charged with the duty of keeping the streets and sidewalks free for use and passage without danger."

In *Carson v. City of Genesee*, 9 Ida. 244, 74 Pac. 862, 108 Am. St. 127, this court quoted with approval from Beach on Public Corporations, as follows:

"The general rule is that under the powers usually conferred upon municipal corporations in respect to streets within their limits, it is their duty to keep them in a reasonably safe condition for use by travelers in the usual modes, and that they are liable in damage for injuries resulting from neglect of such duty; and this rule extends not only to the roadbed but also to the structures over it."

See, also, *Baillie v. City of Wallace*, 24 Ida. 706, 135 Pac. 850.

The sixth instruction could require the city to keep its streets and sidewalks free for use and passage without danger, while the law requires it to use diligence to the end that they be kept in a reasonably safe condition for travel in the usual modes. The instruction placed upon appellant the duty of an insurer, and the law which makes it the duty of municipalities to maintain streets and sidewalks does not make it an insurer of the safety of those who use them.

The above-quoted instruction contains another error, in that it told the jury "cities and villages are liable in damages for negligence in maintaining streets and alleys in a reasonably safe condition for travel." Probably the court intended to instruct the jury that cities and villages are liable in damages for negligence in the performance of the duty to maintain streets and alleys in a reasonably safe condition for travel.

Instruction numbered 7 is as follows:

"You are instructed, gentlemen of the jury, that if the city did not have actual notice of the defect in the public way, and if, in the course of ordinary care it could have discovered the defect it is liable if in truth and in fact such defect as mentioned in the complaint existed, and you further find that such defect was the proximate cause of the injury complained of."

Probably this instruction was intended to modify that portion of instruction numbered 6 which told the jury that "it is not necessary to charge the city with liability for damages that it have notice of the nuisance." The difficulty with instruction numbered 7 is that it does not

modify the portion of instruction numbered 6 above quoted, but tends to contradict it. One of these instructions states notice is not necessary, and the other is to the effect that the city might be liable although it did not have actual notice of the defect, if by ordinary care it could have been discovered. One of the instructions says no notice to the city of the defect is necessary, while the other says actual notice thereof is not necessary if constructive notice has been shown.

In *State v. Bowker,* 40 Ida. 74, 231 Pac. 706 (a criminal case), this court stated the rule applicable to conflicting instructions as follows:

"In considering instructions of a court to a jury they must be considered as a whole, and error cannot be predicated upon a single instruction or part thereof which may be objectionable when not considered in connection with the instructions as a whole. But where two or more instructions are given that are irreconcilable, and the facts are such that under one of the instructions a jury should find the defendant guilty, and under the other it could not properly do so, it is prejudicial error."

The principle expressed in that opinion is applicable to the case at bar. Following instruction numbered 6 the jury could find that although appellant was without notice, either actual or constructive, of the dangerous condition of the sidewalk, it was liable for the damage resulting from respondent's accident. While if it follow instruction numbered 7 the verdict might be for appellant on the theory that no notice, actual or constructive, of the dangerous condition of the sidewalk had been brought home to it. (See, also, *Holt v. Spokane etc. Ry. Co.,* 3 Ida. 703, 35 Pac. 39; *Portneuf-Marsh etc. Co. v. Portneuf I. Co.,* 19 Ida. 483, 114 Pac. 19; *Detroit Fire etc. Ins. Co. v. Sargent,* 42 Ida. 369, 246 Pac. 311.)

The refusal of the court to instruct the jury as to the effect of contributory negligence is assigned as error. Respondent insists there was no evidence of contributory negligence introduced by appellant and that, therefore, such an instruction was unnecessary. Since a new trial is to be

granted on other grounds, we will refrain from expressing an opinion as to whether or not the evidence introduced at the former trial tends to show contributory negligence.

■ Contributory negligence, if shown, is available as a defense regardless of which party introduces evidence showing it. Should the evidence introduced at another trial, whether offered by plaintiff or defendant, tend to show contributory negligence on plaintiff's part, the court should instruct the jury on this point. (*Smith v. Oregon S. L. R. R. Co.*, 47 Ida. 604, 277 Pac. 570; *Polly v. Oregon S. L. R. R. Co.*, 51 Ida. 453, 6 Pac. (2d) 478.)

The judgment and order appealed from are reversed and the cause is remanded, with instruction to grant a new trial. Costs awarded to appellant.

Givens and Holden, JJ., concur.

BUDGE, C. J., and WERNETTE, J., Concurring in Part and Dissenting in Part.—We concur in the conclusion reached in the majority opinion, namely: that the judgment must be reversed, for the reason that the instructions complained of do not correctly state the law, and, furthermore, they are contradictory, but dissent from that part of the opinion wherein it is held that the evidence is insufficient to charge the city with constructive notice, this being a question of fact for the jury, as it cannot be said as a matter of law that there was no such evidence. (*Todd v. City of Hailey*, 45 Ida. 175, 183, 260 Pac. 1092.)